WILLIAM BOYLE v. THE STATE.

1. An indictment for theft, charging the defendant with having stolen " the " sum of sixty-five dollars, of the following description—two twenty dol- " lar gold pieces, and one five dollar gold piece, and two ten dollar United " States currency bills, and one money purse," is *held* to be bad for uncertainty, both as to the description and value of the articles.   The indictment should have alleged the value of the property alleged to have been stolen, as well as that the coin was the current coin of the United States or other country.   The court cannot indulge presumptions to aid the indictment.

2. The value of the property stolen is a material charge in an indictment for theft, as no property can be the subject of theft unless it has a

value, and no value can be proved on the trial without such a charge in the indictment ; and the value is also material as a means of determining the degree of punishment.

APPEAL from Houston.   Tried below before the Hon. Leroy W. Cooper.

There is no occasion for a statement of the facts.

*F. A. Williams*, for the appellant.

*William Alexander*, Attorney-General, for the State.

OGDEN, J.   The indictment in this case charges the defendant with stealing "the sum of sixty-five dollars, of the follow-" ing description : two twenty dollar gold pieces, and one five " dollar gold piece, and two ten dollar United States currency " bills, and one money purse."   We think the indictment bad for uncertainty, both as to the description and value of the articles charged to have been stolen.   The coin is alleged to be of certain denominations, but it fails to state that they are of the current coin of the United States or of any other country, and the universally established rules for criminal pleadings will not authorize the indulgence in presumptions and inferences to aid an indictment defective in so material a part of its charge. (Bishop on Criminal Procedure, Vol. II., pp. 698 *et seq.*)   The coin described in the indictment may have been the coin of this or a foreign country, or it may have been no legal coin of any country, and, as an illegal coin, not the subject of theft.   Nor is the description of the two United States currency bills free from objection.   There is quite a variety of bills of that general description, which relates to the denomination *only*, all or nearly all of a different value and standing, and, for aught that appears in the bill of indictment, they may have been counterfeit or canceled bills, and, if so, the taking could not have been felonious in contemplation of law.

But the indictment fails to allege that the gold pieces or the bills had any value whatever.   An allegation of value is very

material in two respects: in the first place, there can be no theft of an article unless that article has either intrinsic or relative value, and no value could be proven unless alleged in the indictment; again, under our statute the degree of punishment for theft depends upon the value of the thing stolen. It therefore becomes material to prove the value of the property stolen, in order to affix the character and degree of punishment. (Bishop on Criminal Procedure, Vol. II., p. 713.)

The general allegation, that the defendant " stole sixty-five " dollars," cannot aid the defective description or allegation of value of the particular articles charged to have been stolen, as that allegation is itself as objectionable for uncertainty as the one intended to be made specific by it. It gives no idea of the measure of value, whether of this or some other country, and if we were permitted to presume that it referred to sixty-five dollars, as generally understood in this country, yet that would not obviate the necessity of an allegation of value. Had the indictment alleged the separate value of each article charged to have been stolen, or had it alleged that they were of the lawful currency of the United States or of the State of Texas, it would have been sufficient to support a judgment; or, had the pleader added to the description of money charged to have been stolen that they were of the aggregate value of sixty-five dollars, the indictment might then be held sufficient to support a verdict of guilty of the whole charge. But, considering the indictment as it is presented in the record, we feel called upon to declare it insufficient to support a conviction for a felony.

The court, therefore, erred in overruling the defendant's motion in arrest of the judgment, and for this cause the judgment is reversed; but, as the Statute 3145, Paschal's Digest, authorizes the District Court, upon the arrest of judgment, at its discretion to remand the party into custody to await another indictment, we will not dismiss but remand the case for further proceedings, in accordance with this opinion.

                                        Reversed and remanded.