## FRANK CADY v. THE STATE.

1. CHARGE OF THE COURT. — Though not essential that the statutory defini-
tion of an offense be literally given in the charge to the jury, yet, when
that is not done, the charge must define or explain the elements or ingredi-
ents of the offense.

2. THEFT. — Evidence of the ownership alleged in the indictment, and of the
venue of the offense, is necessary to sustain a charge of theft; and if the
property stolen be an ordinary chattel, proof of its value is indispensable.

APPEAL from the County Court of Coryell. Tried below
before the Hon. S. B. RABY, County Judge.

The information charged the theft of a breast-strap worth
75 cents.

*Thomas Rock*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the
State.

WHITE, J. The charge of the court in this case does not
attempt to define or explain to the jury the nature, ele-
ments, or ingredients of the offense charged. As was said
in *Johnson v. The State*, 1 Texas Ct. App. 118, "In cases
of theft, whilst it is not essentially requisite that the judge,
in his charge, should give the definition of the offense liter-
ally in the language of the statute, yet, where he fails to do
so, he should, in most cases, inform the jury of the nature
and character of the elements and ingredients composing
the crime. Jurors may have a very good general idea of
what is meant by theft, and yet have no conception of the
rules rendered absolutely necessary by our law to the estab-
lishment of the crime. These, it is not only the province,
but the duty, of the judge to explain to them, in many cases
of this character."

In theft, "the property must be such as has some specific value capable of being ascertained" (Pasc. Dig., art. 2383); and in cases like the one we are considering, a conviction cannot be sustained where there was no proof of the value of the property stolen. *Radford* v. *The State*, 35 Texas, 15; *Boyle* v. *The State*, 37 Texas, 359. The evidence in this case does not show any proof of value. The evidence does not show that the property belonged to the parties alleged in the information to be the owners thereof. The evidence does not show in what county or state, if any, the offense was committed; there is no venue proven.

For these reasons the judgment is reversed and the cause is remanded.

*Reversed and remanded.*