[No. 2124.]

## JAMES LACEY *v.* THE STATE.

THEFT—EVIDENCE—CHARGE OF THE COURT.—See the opinion *in extenso* for evidence held insufficient to support a conviction for felonious theft; and for circumstances under which, the evidence showing a series of depredations, but not the value of the property taken at any one time,

it was the duty of the trial court to charge the jury that to sustain a conviction for felonious theft, it devolved upon the State to select a certain transaction, and prove the value of the property involved therein to have been twenty dollars or more.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The opinion discloses the entire case. The penalty assessed by the verdict was a term of three years in the penitentiary.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This is an appeal from a judgment of conviction for the theft of property of the value of twenty dollars or over.

It was in evidence that certain lumber was taken from the possession of H. Gray; that the property was found on the premises of the appellant, where it had been converted to different purposes of repair, and that it aggregated the value of twenty-three dollars and fifty cents. The evidence goes to show that the owner of the property was a contractor and builder; that in the month of September, 1886, he was building a house in the regular prosecution of his business in the city of San Antonio, and that for that purpose he had placed lumber and materials on the lot, of which said lumber the stolen property was a portion. The appellant lived near by and across a ditch from the building lot. About the twenty-eighth day of said month of September, appellant was arrested for the theft, in consequence of discoveries made by one Speer, whom the owner of the property had placed as a watch to detect and apprehend the perpetrators of what appears to have been a series of constantly recurring thefts during the said month.

The record is silent as to the amount and value of lumber taken on any one particular occasion or night. True, the witness Speer, who had been set to watch, testifies to one night upon which he saw appellant and a colored woman make "several trips" to and from the lot, each time bearing away lumber, but his testimony does not fix the amount taken on that night. Lumber had been previously taken, but the amount of

it is also unknown; hence we have no fixed amount of lumber taken on the night testified to by the witness, nor have we an aggregation of the previous takings, so that a due subtraction may be made and a certain amount and value taken on that or any other night fixed.

Upon this state of facts it was the duty of the trial judge to have instructed the jury that, to sustain a conviction for the theft of property of the value of twenty dollars, or over, the prosecution must select a certain transaction and prove the value of the lumber taken on that occasion to have been twenty dollars, or over. Now, it is not necessary to enter into a discussion of the exceedingly nice question which sometimes arises in cases like this, for it is not even shown that property of the value of twenty dollars was taken on any particular night. Hence, if we concede that the transactions of a night constituted but one theft, yet to support the conviction there should be proof that the value of the lumber taken on that night was twenty dollars, or over. It appearing from the record that all of the lumber was stolen in the night time, it will not be denied that each night's theft constituted a distinct and complete offense. For example: Lumber of the value of ten dollars is taken on one night; on the next night lumber of the value of thirteen dollars and fifty cents is taken. Under our statute (Penal Code, Art. 726) these would be separate and distinct offenses, each complete in itself. The State, most assuredly, would not be permitted to construct a felony out of two misdemeanors.

Let us view the subject from another standpoint, for we are dealing with a two edged sword. Suppose A steals from the same owner and from the same place thirty dollars worth of property on one night, and on a succeeding night still another. A conviction is had for the second theft, or the first, as the case may be. Upon a trial for the remaining transaction, a plea in bar, setting up the first conviction, would not be entertained, for evidently the two transactions constitute, each within itself, a distinct offense, resting upon its own facts.

We are, therefore, of opinion that the verdict and judgment of conviction for felony are not supported by the facts. We are further of opinion that the omission in the charge of the court, before alluded to, was calculated to injure the rights of the appellant.

Accordingly the judgment is reversed and the cause re-manded.

*Reversed and remanded.*