### J. P. STALLINGS v. THE STATE.
*No. 3511.  Decided November 29.*

1. **Embezzlement.**—The Indictment alleges that the money embezzled was the property of an "incorporated company, to-wit, the Singer Manufacturing Company." *Held,* sufficient.

2. **Same—Evidence.**—To constitute a felony the property embezzled must be of the value of $20 or over.  The indictment in this case charged the embezzlement of "$150, current money of the United States of America, of the value of $150."  To support a conviction under this indictment it devolved upon the State to prove that the defendant embezzled *money* of the value of $20 or over at one and the same time.  Failing in this respect the evidence in this case does not support the conviction.

3. **Same—Intent.**—The evidence adduced on the trial is otherwise insufficient.  In the first place it does not satisfactorily establish the *corpus delicti,* and in the second place it does not prove a fraudulent intent.

APPEAL from the District Court of Coryell.  Tried below before Hon. C. K. Bell.

This conviction was for embezzlement of money exceeding $20 in value, and the penalty assessed was a term of two years in the penitentiary.

It appears from the record that the defendant's agency for the Singer Manufacturing Company commenced on June 21, 1888, and terminated in January, 1890.  The prosecution was for the embezzlement of funds of the company coming into his hands as agent, and the amount set out in the indictment as the amount embezzled was the amount the company claimed he was indebted to it at the termination of his agency.  The transactions which go to make up this balance cover the entire period of the defendant's agency.

The State introduced in evidence a statement showing machines sold

and collections made by the defendant for the company.   Upon this statement, as subsequently explained by prosecuting witnesses, the defendant's arrearage to the company was $286.   But, as testified by the said witnesses, the defendant was entitled to credits which reduced the actual amount of his indebtedness to $154.   This statement bears the following endorsement by the defendant:   "I hereby certify that I have made the above collections, and received the amounts in cash or its equivalent on the above described machines and list of collections shown in this report, for which I have failed to account to the Singer M'f'g Co. at their branch office in Dallas.   This March 7, 1890.   J. P. Stallings.   Witness:   J. T. Halbrook."

It may be noted that the said statement exhibits thirty-two transactions or items, none of them bearing date, and ranging in amount from $2 to $45.

The State's witnesses (the company's managers at the Dallas branch office) testified that the amount of shortage was ascertained by subtracting the credits to which the defendant was entitled from the sum of his indebtedness as shown by the books in the company's office.   None of them would vouch for the absolute correctness of the statement in evidence, but at the time he signed the statement the defendant agreed to settle with the company on the basis of the said statement.   The defendant's remittances to the company from time to time were credited to him on the books.   The witnesses could not say how far back from January, 1890, the transactions shown in the statement extended, nor could they say that the defendant ever received or collected as much as $20 or as much as $5 at any one time.

It further appears from the State's evidence that when the statement showing the defendant to be in arrears to the company in the sum of $286 was first exhibited to the defendant he protested that it was incorrect; that he claimed he did not owe that amount to the company, and that he had not been allowed the credits to which he was entitled.   It was further shown that at the final settlement on the basis of the said statement, the defendant, before he signed the acknowledgment to the same, claimed that he was entitled to certain credits which he was not allowed in the said statement.   It was further shown that at the time he signed the said acknowledgment the defendant appeared to be in great mental distress, and requested the agent of the company to postpone the settlement a few days until he could get through existing trouble consequent upon divorce proceedings then pending between himself and wife.   Upon the figures fixed by the witnesses for the State, it is by no means established which is the debtor, the company or the defendant.

The opinion states the effect of the proof bearing upon the question of intent, and holds it insufficient.

*McDowell, Miller & Hawkins,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.— It is alleged in the indictment that the money embezzled was the property of "an incorporated company, to-wit, the Singer Manufacturing Company." This allegation is sufficient, coming fully within the rule declared in White v. The State, 24 Texas Court of Appeals, 231.

It is charged in the indictment that the defendant embezzled "$150, current money of the United States of America, of the value of $150," the property of said corporation.

Embezzlement is punishable as theft (Penal Code, art. 786), and unless the property embezzled was of the value of $20 or more, the offense would not be a felony. Penal Code, arts. 735, 736.

To sustain this conviction it is essential that the evidence should prove that the defendant embezzled *money* of the value of $20 or over at one and the same time. This essential of the offense is not proved by the evidence in the record. There is no evidence that he appropriated at any one time money of the value of $20 or more. Defendant signed a statement in which he admitted that he had received certain amounts mentioned in said statement "in cash or its *equivalent.*" Conceding that "cash" means money, there is no evidence showing how much cash he received, or the value of it, or the time he received it. In this particular the evidence does not sustain the conviction.

We are of the opinion that the conviction is unsupported by the evidence in other essential respects. It does not satisfactorily appear to our minds from the evidence before us that the defendant has appropriated any funds belonging to the Singer Machine Company. We think the evidence leaves room for grave doubt upon the issue of his indebtedness to said company. The strongest evidence against him upon this issue are his own admissions, but the circumstances under which these admissions were made, his subsequent denial of the correctness of them, and other evidence adduced by him on the trial, render it quite probable that he made said admissions inadvertently and through mistake of fact.

But, conceding that the defendant did appropriate money belonging to the company, we think the evidence fails to show that the appropriation was accompanied by a fraudulent intent. He at no time concealed or attempted to conceal any of his transactions as agent of said company. He at no time denied ány collection made by him. His contention all the time was that the company had not given him the credits to which he was entitled, and that upon a fair settlement he would not be indebted to the company, but that the company would owe him. It occurs to us that the matters involved in this prosecution should be adjusted in a civil suit, and should not be made the subject of a criminal action.

Without determining other questions presented in the record, we reverse the judgment and remand the cause, for the reason that the conviction is not, in our opinion, warranted by the evidence.

*Reversed and remanded.*

Hurt, J., absent.