## J. F. WHITE v. THE STATE.

### *No. 399.   Decided February 17.*

1. **Theft—Possession and Ownership—Allegation and Proof—Charge.—** Where an indictment for theft alleged the possession and ownership in Bledsoe, and the evidence establishes the "ownership" in Bledsoe, but further shows that at the time the property was taken the care, control, and management of the same was in one Little, *Held*, that the evidence imperatively required that the court should have instructed the jury, that if Little had the possession, care, and management of the property at the time it was stolen, they should acquit the defendant.

2. **Same—Charge as to Value .Where Articles are Taken at Different Times.—**On a trial for theft of leather belting consisting of five pieces, three of which were worth $24 each, and the other two of less value, and the evidence shows that all five were taken, but fails to show the exact time or manner of taking, and there is no suggestion from the evidence that the accused took the belting by piecemeal, or less than a single piece at a time, *Held*, the court did not err in refusing to submit the question of value based upon this supposed issue.

APPEAL from the District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appellant was indicted for the theft of several pieces of leather belting, some of value over $20; the others of less value. At the trial he was convicted of theft of property over the value of $20, the punishment being assessed at imprisonment in the penitentiary for a term of eight years.

The facts are sufficiently stated in the opinion.

*John W. George* and *Stillwell H. Russell*, for appellant.—1. The court erred in not instructing the jury to acquit the appellant, if they believed from the evidence that the property so taken, and at the time taken, was in the care, control, management, and possession of J. M. Little—as in such case the allegation and' proof would not correspond,

and appellant should be acquitted. Littleton's case, 20 Texas Crim. App., 168; Tinney's case, 24 Texas Crim. App., 112; Alexander's case, 24 Texas Crim. App., 126.

2. The court erred in not submitting the issue whether the property was all taken at one time, or whether, at one time, the amount of $20 or more in value was so taken. Cody v. The State, 31 Texas Crim. Rep., 183.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—1. Appellant was convicted of theft of property over $20 in value, and his punishment assessed at eight years in the penitentiary. The indictment alleges the ownership and possession of the property at the time it was taken to be in F. G. Bledsoe, and the court charged alone as to such ownership and possession. Appellant insists that the evidence clearly establishes the ownership to be in Bledsoe, and the care, control, and management of the property, at the time it was taken, to be in one J. M. Little, and that the court should have submitted this issue to the jury. The evidence shows that Bledsoe owned two gins—one at Hutchins, where he lived, and the other at Lancaster, five miles distant, near which place J. M. Little resided and superintended this gin for Bledsoe. It was from this gin, sometime in June or July, that five pieces of leather belting were stolen. On the question of possession, Bledsoe, on cross-examination, testified: "I left the belting in charge of J. M. Little. He superintended and managed the gin, and had charge of it. It was under his control and management at the time the belting was taken. He lives a mile from the gin. I went there probably once a month. I ran a gin at Hutchins, to which I gave my attention." Again, on recross-examination, witness stated: "He (Little) was my agent as to the gin all the time. He was in control and possession of the gin all the time, and of all the gin property, including the belting alleged to have been taken." So J. M. Little testifies: "I put the belting away; it was in my possession to look after and care for." We think this testimony imperatively required that the court should have submitted to the jury the issue whether J. M. Little had the possession, care, and management of the property at the time it was stolen; and if so, to acquit defendant. Willson's Crim. Stats., sec. 1258; Emmerson's case, ante, p. 89; Code Crim. Proc., art. 677.

2. Appellant complains that the court erred in not also submitting the issue whether the property was all taken at once, and whether belting of the value of $20 was taken at any one time. The evidence shows that the leather belting consisted of five pieces, three of which were worth $24 each, and the other two of less value. There is no evidence as to the exact time, or as to the manner, of the taking. The evidence

simply shows that it was all taken, and that appellant on two occasions, about two weeks apart, sold a quantity of the belting to various parties, who bought it at one-tenth of its value.   We can see no suggestion in this testimony that appellant took away the belting by piecemeal—that he took less than a single piece at a time—and we do not think the court erred in refusing to submit the issue.   We see no further error in the matters complained of; but for the error in not submitting the charge as to the custody, control, and management of Little, and because the evidence clearly shows that the property, at the time it was taken, was in the control and possession of J. M. Little, this cause is reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.