### Osborn Hix v. The State.

#### No. 8359. Decided June 18, 1924.

**1.—Swindling—Insufficiency of Complaint and Information.**

Where, upon trial of swindling, the complaint and information failed to state an offense, either under subdivision 4 of article 1422 of Vernon's P. C. or under the general Swindling Statute, the judgment must be reversed and the cause dismissed. Following: Speer v. State, 50 Texas Crim. Rep., 276, and other cases. Besides, the facts are insufficient to support a conviction.

**2.—Same—Definition of Offense—Suggestion by the Court.**

This prosecution should have been brought under the fourth subdivision of Article 1422 of Vernon's P. C., under proper pleading.

Appeal from the County Court of Foard. Tried below before the Honorable Jesse Owens.

Appeal from a conviction of swindling; penalty, a fine of $10.00 and three days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Foard County of the offense of misdemeanor swindling, and his punishment fixed at a fine of ten dollars and three days in the county jail.

The sufficiency of the complaint was attacked. Same charges in due form that by means of false pretenses appellant acquired from Phillips two dollars. The false pretense set out seems to consist of the giving to Phillips by appellant of a check on the Crowell bank for two dollars, which check was signed Orval Hix and was payable to Osborn Hix or order. It is stated that appellant represented to Phillips that he was the owner of said check, which is set out, and that the check was a legal and valuable obligation, "when in fact and in truth, the said pretended valid check was not a valid, legal and valuable obligation, because the same had been fraudulently drawn and was wholly valueless." If it was intended to present a complaint charging swindling under subdivision 4 of Article 1422 of Vernon's P. C., the complaint would clearly be bad because it fails to allege that the money was obtained from Phillips by giving a check upon a bank in which the person giving said check had no sufficient funds at the time, or at the time in which in the ordinary course of business said check would be presented, and no good reason for believing said check would be paid. No such allegations as these appear in the complaint at all. Analyzing said complaint with a view of ascertaining its validity under the general swindling statute, we observe that there is no allegation in said complaint that the two dollars obtained from Phillips was money, or that it was of any value at all. Boyle v. State, 37 Texas, 359; Speer v. State, 50 Texas Crim. Rep., 276. The only allegation as to the facts showing that the check given Phillips in exchange for said two dollars was bad, appears in that part of the complaint above quoted. Same but pleads a conclusion. How was said check "fraudulently drawn" and in what did its lack of value consist? As said in Wills v. State, 24 Texas Crim. App., 400:

"If it was in fact a forged instrument, or was without consideration, or had been paid, or was, for any other reason, invalid and worthless, the indictment should have disclosed the facts rendering it so, and thus have apprised the defendant of the particular case he was called upon to answer."

In our opinion the complaint and information fail to charge an offense.

We have some doubt as to the sufficiency of the facts. We note that the State put upon the stand appellant's brother Orval Hix. Upon cross-examination this witness stated that he and appellant were making a crop together and that some time prior to the trial witness borrowed some money from the bank and *mortgaged the crop;* the money being placed in the bank in witness' name. He also states that

after this deposit was made appellant gave a check upon said bank and signed witness' name to it, which check was paid. It would appear that where two parties are raising a partnership crop and a mortgage is placed upon it and money thereby obtained, in the absence of some showing to the contrary the money resulting from the mortgage upon the joint crop would be partnership funds. It was not stated by the witness that he mortgaged his interest in the crop and that the funds obtained thereby became his separate property. · If the mortgage was placed upon the joint crop it would appear to be the money of both the makers of said crop. The fact that the money was deposited in the name of one would not in fact deprive the other of his interest in it. The joint ownership of the money obtains further support in the fact that appellant had drawn a check upon it and had signed his brother's name thereto, which check had been paid without objection on the part of the brother. These facts seem to cast much doubt upon the fraudulent character of the check when viewed solely from the standpoint of a lack of authority on the part of appellant to sign his brother's name to the check.

As we view the matter the prosecution should have been brought under the fourth subdivision of the swindling article above referred to, and if the State could show that at the time the check was drawn appellant knew or had reason to know that there was no money in the bank subject to the check thus drawn, and by this means obtained from Mr. Phillips his money, a case would more nearly be made out.

For the errors mentioned the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*