GEORGE CLARK AND DONNIE CLARK V. STATE.

No. 24096. October 6, 1948.
Rehearing Granted November 24, 1948.

Hon. E. Harold Beck, Judge Presiding.

*Justice, Moore & Justice,* of Athens, and *A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The State's Attorney has filed a comprehensive brief herein which we think answers every contention made by the appellants. We, therefore, adopt the same as the opinion of the Court. The brief reads as follows:

"The appellants were jointly indicted and jointly tried in the District Court of Bowie County, Texas, for the offense of felony theft, were found guilty by the jury, and their punishment assessed at four years each in the state penitentiary.

"This is the second appeal in this cause, the opinion in the former appeal being reported in Volume 197 S. W. (2d) 111.

"The facts are substantially the same in this appeal as they were on the former appeal.

"The court's charge in this cause we think correctly submitted to the jury the law applicable to each issue raised by the evidence, and apparently appellants were satisfied with the charge requested other than a request for a not-guilty verdict.

"By Bill of Exception No. 1 appellants complain of the action

of the trial court in permitting the witness, Robert Cowan, who was testifying in behalf of the State, to state in reply to a question propounded by the district attorney and over the objection of appellants, that the replacement value of the insignia collection alleged to have stolen would be better than three hundred dollars, and that some of it could not be replaced.

"Appellants contend in said bill that it was error to permit the State to prove the replacement value because, as contended by appellants, the State has failed to show that the insignia collection had no cash market value. The court qualifies this bill to show that that portion of same reading 'the State having failed to show that the insignia collection had no cash market value' was merely the contention of the appellants.

"This Court stated in its opinion in the former appeal that if the property had no reasonable cash market value at the time of the theft that its replacement value is the test. Apparently the trial court was following this rule.

"By Bill of Exception No. 2 appellants complain of the action of the trial court in permitting Mrs. Cowan to testify, over appellants' objection, that the value of the bedspread alleged to have been stolen was one hundred dollars. We submit that the court did not commit error in permitting this testimony, as the witness, Mrs. Cowan, after testifying about her knowledge of the price of bedspreads of the same or similar character and design, stated that she was familiar with the market value of the bedspread in question on the date of the alleged offense, and it was one hundred dollars.

"By Bill of Exception No. 3 appellants contend that while the defendant, George A. Clark, was testifying, the State's attorney asked him on cross-examination: 'How long since you and your wife have seen her (speaking of the daughter of the defendant, Donnie Clark?') ; that defendants objected to the question as being immaterial, irrelevant and prejudicial, and shows that the objection was overruled and exception taken.

"The court qualifies this bill by stating that the question was never answered by the witness, and that the same evidence sought to be elicited by the question was later admitted without objection in the testimony of the defendant, Donnie Clark. The bill, as qualified, obviously fails to reflect error.

"By Bill of Exception No. 4 appellants complain of the action

of the trial court in failing to instruct the jury to return a verdict of not guilty, and by Bill No. 5, they complain of the action of the trial court in submitting the issue of felony theft to the jury. We respectfully submit that each of said bills is wholly without merit.

"And, lastly, by Bill of Exception No. 6, appellants complain that the court erred in instructing the jury to disregard the evidence of the witness, J. P. Hugghins, with reference to the fact that he was in the war. The court qualifies this bill by stating tht he permitted the witness Hugghins to testify relative to his service in the recent war, over the objection of the district attorney and upon the provision that the attorney for defendants would connect the witness' service with the war with the facts in the case, and that after the witness had testified that his service in the war was in no way connected with the case or in any manner relevant thereto, the court did instruct the jury to disregard the same. We fail to perceive any error in such instruction.

"We, therefore, submit that this record, as brought forward, fails to reflect error, and the judgment of the trial court should be affirmed."

The judgment is accordingly affirmed.

### ON APPELLANTS' MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In considering appellants' motion for rehearing, we have again checked the evidence as to the ownership and value of the property alleged to have been stolen and have reached the conclusion that appellants' motion for an instructed verdict, because of the insufficiency of the evidence to show a felony theft, should have been granted in part. The evidence is sufficient to sustain a jury verdict for theft of property over the value of $5.00 and under the value of $50.00, but not for an amount sufficient to support the conviction for a felony.

The evidence in this case shows the recovery of a great many articles, by virtue of the search warrant, which the prosecuting witnesses claim as their own, but many of these articles are not alleged in the indictment. Two articles alleged in the indictment, being the bed spread of the value of $100.00 and the insignia collection of the value of $295.00, were not recovered in the search of appellants' premises, and there is no evidence that

they were taken at the same time the recovered articles were taken. To the contrary, the circumstances of the case show that the articles could have been taken from the locked closet in the Cowan home at different times and after appellant had moved away. (See opinion on former appeal, 149 Texas Crim. Rep. 537, 197 S. W. (2d) 111.)

Reviewing the evidence on this subject, it is shown that the appellants lived in the Cowan home from April 5th until June 3rd, 1945. On the latter date the Fomby family moved in and they remained there for six weeks, after which the house stood vacant until about the 9th of August, following. After appellants had left the Cowan home, and the Fombys were occupying it, the prosecuting witness called at the home, entered the closet, inspected it, and found nothing rearranged in the closet. They did not then miss the articles claimed to have been stolen. In this connection the State has shown that the door had been scarred, at a place near the lock, apparently in the process of prying the door open with a chisel or screw driver, or some other hard instrument. The testimony of Mr. and Mrs. Fomby was to the effect that this scarred place was not on the door while they occupied the house and at the time they left. The prosecuting witnesses themselves did not notice it at a time after appellants had left the house and moved away. Their attention was first attracted to it on August 9th after the house had been vacant for some time.

Under the circumstances thus summarized, the State has not discharged the burden of showing that all of the articles alleged to have been stolen were taken at the same time, hence the doctrine that the finding of a part of the stolen articles in the possession of appellants would support a finding that they stole the rest does not apply. The State has that burden under the circumstances of this case. See Branch's Ann. P. C., Sec. 2431, p. 1315; and Johnson v. State, 122 S. W. 877, from which we copy:

"It has been further held that where different articles are alleged to have been stolen, and the values are affixed to each separate article, in order to sustain the conviction for a felonious theft, the evidence must show a taking of articles of $50 or over in value at one and the same time. Lacey v. State, 22 Tex. App. 657, 3 S. W. 343; Clark v. State, 26 Tex. App. 486, 9 S. W. 767; Stallings v. State, 29 Tex. App. 220, 15 S. W. 716; Cody v. State, 31 Tex. Cr. R. 183, 20 S. W. 398; White v. State, 33 Tex. Cr. R. 94, 25 S. W. 290; Hilliard v. State, 37 Tex. 359; Flynn v. State, 47 Tex. Cr. R. 26, 83 S. W. 206; Barnes v. State,

43 Tex. Cr. R. 355, 65 S. W. 922; Keipp v. State, 51 Tex. Cr. R. 417, 103 S. W. 392. In this case there was abundant evidence that appellant had opportunities to have taken these goods on many occasions, and there is little direct evidence that he took all of the articles at the same time, and it was peculiarly necessary and important that this issue should have been submitted to the jury."

The indictmnt in the case alleges the following items, with the value stated:

| One bedspread | $100.00 | |
| Army Insignia collection | $295.00 | |
| One heating pad | 7.95 | |
| One Book | 1.00 | |
| One Stone Necklace | 5.00 | |
| One Beau Shape Pin | 3.50 | |
| One Army E Pin | .1.00 | |
| Forty pieces of China and Glass Dishes | | $35.00 |
| One pen staff and holder | | 1.50 |
| One Number Two Wash Tub | | 1.50 |

Of the above articles neither the bedspread nor the Army Insignia collection was shown to have been stolen by appellants and the amount of $395.00 must be deducted from the total of the allegations in the indictment. This would leave a total value of articles taken in the search and alleged in the indictment to be $57.45. It is noted, further, that there is no evidence in the record as to the value of the Army E Pin, the tub, or the china and glass dishes. Deduct from the alleged items the three of which no proof of value was made and we find that the State has alleged .and proven items to the value of only $19.95 which may be charged against the appellants. (An irreconcilable variance in the testimony of the prosecuting witnesses could change the total only a few cents.)

As stated above, the motion for an instructed verdict should not have been granted in full, but it is sufficient to raise the question as to the sufficiency of the evidence to support a felony conviction. Garrett v. State, 218 S. W. 1064.

In the event of another trial attention is called to the results of the foregoing holding that the evidence as to the value of articles found and not alleged in the indictment should not be admitted. Likewise, evidence of the value of articles alleged in the indictment but now recovered in the search of appellants' premises would not be admissible unless the State should dis-

charge the burden of proof cast upon it to show that all such articles were taken at the same time.

One may not be prosecuted for the theft of an article found in the possession of the accused unless it is alleged in the indictment. See Garrett v. State, supra. Just why several articles found in the search and claimed by the Cowans were not alleged in the indictment does not appear from the record. The reason for their omission is immaterial to a decision of the question now before us. All evidence relative to them was improperly before the jury in the circumstances of the case under consideration.

Appellants' motion for rehearing is granted. The judgment affirming the case is set aside and the cause is now reversed and remanded.