James Joseph **LUCAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42735.

Court of Criminal Appeals of Texas.

April 8, 1970.

Charles W. Gill, Houston, for appellant.

Jules Damiani, Jr., Dist. Atty., and Russell G. Burwell, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is theft of corporeal personal property over the value of $50.00; the punishment, enhanced under the provisions of Article 62, V.A.P.C., 10 years.

Initially, appellant complains the court below erred in admitting a statement made by him shortly after his arrest in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Charles J. Mallini testified that while at his place of employment in the city of Galveston on May 14, 1967, he noticed around 10:30 p. m. that his 1960 Chevrolet Biscayne was missing from the place he had parked it at 4 p. m. that day. He called the police. At 11:50 p. m., as a result of a conversation over the police radio heard by him, Mallini looked out of the window of the building where he was working and saw his automobile stopped with a police patrol car behind it. He immediately went to the scene where he saw the appellant and identified himself to the officer as the owner of the car.

Charles Dawson, a city of Galveston patrolman at the time, testified that after

receiving a description of a stolen car on the date in question he saw a vehicle fitting such description going the wrong way on a one way alley or street; that he stopped the vehicle which was being driven by the appellant, asked for his driver's license, and then asked him to step back to the patrol car while the dispatcher was contacted to recheck the description of the car. At this point he related that Mallini appeared and identified the car as his.

Mallini further testified that at this point appellant volunteered a statement. When asked what the appellant said Mallini answered, over objection: "He said that if we would go ahead and forget about it he would be grateful to us, because he had just gotten out of confinement."

Upon further objection the trial court instructed the jury to disregard "the very last part of" the answer, but overruled appellant's motion for mistrial.

■ In Moore v. State, Tex.Cr.App., 440 S.W.2d 643, it was pointed out that Miranda v. Arizona does not prohibit the introduction of volunteered statements. In Miranda the court said "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

Further, the State contends the statement was "res gestae," even if it can be claimed that appellant was under arrest since such fact would be immaterial as to the admissibility of the res gestae statements. See 24 Tex.Jur.2d, Evidence, Sec. 600, p. 137. The State further notes that Articles 15.17 and 38.22, V.A.C.C.P., have been held inapplicable to res gestae statements. See Fisk v. State, Tex.Cr.App., 432 S.W.2d 912. And this court has held that Miranda has no application to certain statements which, under the circumstances presented, were res gestae of the offense. See Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Brown v. State, Tex.Cr.App., 437 S.W.2d 828. Cf. Hernandez v. State, Tex. Cr.App., 437 S.W.2d 831.

■ Under the circumstances presented in the case at bar, we cannot conclude that the court erred in admitting, over objection, the statement volunteered by the appellant.

Ground of error #1 is overruled.

Next, appellant complains of the "method and evidence" utilized by the State, over objection, to establish the value of the alleged stolen vehicle.

Mallini, the owner of the car, testified he had an opinion as to the market value of the car at the time it was taken; that in his opinion the fair market value was $250.00.

R. J. Ransom, a used car dealer for over eight years, testified that in his opinion the 1960 Chevrolet Biscayne as described to him would have had a fair market value of between $250.00 and $300.00 on the date of the theft.

Appellant contends Mallini, the owner, had no experience in the automobile business and had based his opinion on newspaper ads; that Ransom had not made a personal inspection of the car in question.

■ It should be remembered that hearsay evidence is admissible as proof of market value. Esparza v. State, Tex.Cr. App., 367 S.W.2d 861; De La O v. State, Tex.Cr.App., 373 S.W.2d 501; Morris v. State, Tex.Cr.App., 368 S.W.2d 615.

In Murphy v. State, 161 Tex.Cr.R. 87, 275 S.W.2d 104 this court held that the testimony of the owner of the alleged stolen car was sufficient to establish value where he had been driving automobiles for 35 or 40 years and thought he knew the market value of cars. See also Taylor v. State, 167 Tex.Cr.R. 499, 321 S.W.2d 300; Collins v. State, Tex.Cr.App., 376 S.W.2d 354; Pigg v. State, 162 Tex.Cr.R. 521, 287 S.W.2d 673; Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82; Morris v. State, supra.

■ As to the witness Ransom, it is observed that in Greer v. State, 153 Tex.

Cr.R. 464, 220 S.W.2d 649, a dealer in appliances was qualified to give evidence as to value of a stolen motor based on description given him by other witnesses. Baden v. State, Tex.Cr.App., 74 S.W. 769, held that a witness who is acquainted with the market value of goods of the same character as those stolen may testify as to market value though he has no personal knowledge of the particular goods. See also Clark v. State, 152 Tex.Cr.R. 446, 215 S.W.2d 184.

We reject appellant's contention the evidence was insufficient to support the jury's verdict and to show that the car alleged stolen had a value in excess of $50.00. See Windom v. State, Tex.Cr. App., 429 S.W.2d 488, 489.

Ground of error #2 is overruled.

Lastly, appellant contends his punishment was improperly assessed at 10 years since the evidence was insufficient to show that he was the same person so previously convicted as alleged in the indictment for enhancement.

Prior to trial before the jury the appellant personally with his counsel stipulated with the State that he was the same person so previously convicted as alleged in the indictment and that the conviction was a final conviction prior to the commission of the instant offense.

Upon the return of the verdict of guilty, the appellant, with the consent of the State, changed his election as to the assessor of punishment and requested the court to fix the penalty.

At the penalty stage of the trial the State, without objection, offered certified copies of the indictment, judgment and sentence relating to the prior conviction as well as the authenticated prison records of the Texas Department of Corrections including a photograph and a set of fingerprints.

Thereafter the appellate record reflects the following:

"Court: I assume you wish to offer into evidence the stipulation entered into at the beginning of this trial.

"Mr. Douvry (the prosecutor): Yes, Your Honor.

"Court: Between the State and the Defendant and his attorney that he had previously been convicted of a criminal offense.

"Mr. Douvry: As set out in these three exhibits.

"Court: Is there anything you wish to offer?

"Mr. Hill (defense counsel): No, Your Honor, we have nothing."

Immediately thereafter the trial judge pronounced judgment in open court in the presence of the appellant and his counsel stating he was assessing the punishment "after hearing the evidence and the stipulations of the parties." No objection was offered to such statement. The written judgment contains a similar statement as to the evidence and stipulation.

We reject appellant's claim the evidence was insufficient to authorize enhancement of punishment as well as his specific complaint that the stipulation was not admitted into evidence before the court.

Ground of error #3 is overruled.

The judgment is affirmed.