**Talmadge WILLIAMS, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00302–CR.**

Court of Appeals of Texas,
El Paso.

May 16, 1984.

Kitty Schild, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is an appeal from a jury conviction for the offense of criminal mischief, a third degree felony. The court assessed punishment at five years adult probation and assessed a fine of $1,000.00. We reverse and remand.

In Ground of Error No. Two, the Appellant alleges the evidence was insufficient due to the State's failure to prove the amount of pecuniary loss as alleged in the indictment. At trial, the State offered the testimony of Burt Barstram, a claim representative for Aetna Life and Casualty Insurance Company. He testified that he examined a 1981 Ford Granada approximately six days after the incident in question. Barstram stated the cost of repairing the vehicle was in excess of $850.00. The cost of repairing the windows alone was in excess of $350.00. Barstram's description of the damage he observed coincided with the damage inflicted on the vehicle during the incident in question. While it is probable that the witness was referring to the same car, he never directly stated that it was the same vehicle. The Appellant, while not contesting the expert status of the witness, asserts the failure to make this linkage negates his testimony. It is difficult to perceive how this testimony is any different from those situations where an expert views a photograph or responds to a hypothetical question. An expert need not personally view the damages in question; he may testify based upon hearsay

inquiries. *Hernandez v. State*, 468 S.W.2d 387 (Tex.Crim.App.1971); *Lucas v. State*, 452 S.W.2d 468 (Tex.Crim.App.1970). Ground of Error No. Two is overruled. In light of the foregoing discussion, we find it unnecessary to respond to Appellant's Ground of Error No. One.

In Ground of Error No. Three, the Appellant contends the court erred in failing to include a charge on self-defense in the charge to the jury. The Appellant requested an instruction on the issue of self-defense as contained in Tex.Penal Code Ann. sec. 9.31 (Vernon 1974). This requested instruction was denied by the court. The Appellant did not request an instruction on necessity as found in Tex.Penal Code Ann. sec. 9.22 (Vernon 1974).

The incident in question stems from a dispute between rival factions of a janitorial crew in which the Appellant and two co-workers fought with a recently fired co-worker, Nathaniel Griggs, along with several of Griggs' friends and family members. The altercation between the two groups began inside the Cliff Medical Center. The Appellant and some others of his group armed themselves with pipes and the dispute moved into the parking lot. The allegations concerning self-defense came from Appellant's testimony. He stated that "we had heard something about—git [sic] the piece." Thinking that was an order to get a weapon from the car trunk, the Appellant attacked Griggs and another of his group with the pipe. Griggs got into the car and backed it away from the Appellant, who turned away. The Appellant related that after hearing a warning shout, he turned and saw that the vehicle was about to run over him. The car went past him and stopped on an embankment with its engine running. The car was stuck but the Appellant stated he was unaware it was immobilized. The Appellant related that, both out of anger and a concern for his safety, he beat on the car. He was "[m]aking sure they wouldn't come back out, you know, back over the embankment." The Appellant broke out the windshield, a side window and inflicted other damage to the body of the vehicle.

At the close of all evidence, the court granted the Appellant a directed verdict of acquittal on the charge of aggravated assault and the criminal mischief allegation went to the jury. During their deliberation, the jurors sent out the following note to the court:

> If Mr. Williams was being attacked by the car (or the driver thereof) could he be considered guilty, if in fact he was acting in self defense, frustration, and anger?

The court responded that the jury had already received all the law applicable to the case.

■ The issue before this Court does not concern the truth of Appellant's testimony. If the issue is raised by the evidence, the accused is entitled to have it submitted to the jury. *Rodriquez v. State*, 544 S.W.2d 382 (Tex.Crim.App.1976). In the present case, the Appellant's version of events is that he was attempting to keep the occupants of the car from utilizing a weapon, either the car or a gun, against him. The State asserts that a self-defense instruction was not available to the Appellant, as the offense charged, criminal mischief, did not involve the use of force against another person. The State maintains self-defense is available only with those offenses involving assaultive conduct against another person. In support of this contention, the State cites *Johnson v. State*, 638 S.W.2d 636 (Tex.App.—El Paso 1982), affirmed, 650 S.W.2d 414 (Tex.Crim.App.1983). In *Johnson*, the defendant and the deceased had fought over the results of a dice game. The defendant was aware that the deceased was after him with a loaded shotgun and a .45 caliber pistol. Several weeks after the fight, the defendant entered a bar with his girlfriend. He was unarmed, but she had a pistol in her purse. The deceased approached the defendant and demanded to speak to him. Prior to approaching the deceased, the defendant obtained the pistol from his girlfriend. A fight ensued and the defendant discharged the weapon killing the deceased and wounding several others in the bar. The

factual situation contains strong elements of self-defense. The defendant was charged with carrying a handgun on premises licensed for the sale of alcoholic beverages. The Court of Criminal Appeals reasoned that while the defense of necessity found in Tex.Penal Code Ann. sec. 9.22 (Vernon 1974) was available to the defendant, an instruction of self-defense was inappropriate, as the defendant was not charged with an offense involving use of force against another.

That situation is distinguishable from the instant case. In *Johnson*, the offense charged was completed and thus distinct from the ensuing altercation. In the present case, the purported defensive actions of the Appellant were directly in response to the factual situation constituting the elements of the charged offense. Further, while the offense charged in *Johnson* proscribes the passive conduct of possessing a weapon, the offense of criminal mischief deals with the use of force; albeit, force directed against property. As the Appellant suggests in his brief, the denial of an instruction on self-defense in these situations could lead to incongruous results. If we assume that a person acting in self-defense shot at his attacker and did not injure him, but ruined a valuable suit coat, would he merely be entitled to an instruction on necessity as opposed to the more specifically applicable instruction of self-defense solely because the State elected to pursue a property offense? Further, let us assume that the attacker was armed as he approached and the accused consciously chose to shoot the gun out of his hand in lieu of inflicting injury. It is possible that this salutary exercise of restraint would be rewarded by denying the accused his charge of self-defense. Instead, the accused would receive the more general instruction on necessity, and the more specific and restraining language in Section 9.31 that the actor respond "when and to the degree the actor reasonably believes the force is immediately necessary" could not serve as an encouragement of the use of restraint in defensive situations. In the example given above, the gun of the at-

tacker was merely an extension of his person.

 In the present case, according to the testimony of the Appellant, the vehicle served as a similar instrumentality. We hold that in situations similar to the case at bar, an accused is entitled to the more specific and applicable instruction on self-defense. Appellant's Ground of Error No. Three is sustained.

The judgment is reversed and the case is remanded for a new trial.