## SAMUEL MALCOLM JAMES V. STATE

No. 31,912. April 27, 1960
Motion for Rehearing Overruled June 1, 1960

*J. P. Moseley,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *Jack Hampton, Paul Leech, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The offense is aggravated assault upon a female; the punishment, 6 months in jail.

Appellant and the prosecuting witness were husband and wife on the date of the alleged offense but were separated with

a divorce case pending between them at the time. The prosecuting witness, who was living in the home of her mother, testified that on the night in question the appellant came to the home uninvited, entered the living room unannounced, where she was watching television, and stated that he had come after his papers; that she told appellant to leave, tried to push him toward the door and appellant started shoving her; that she then called for her daughter and mother and in response to the call her mother came to her rescue; that in the scuffle which ensued the mother secured a baseball bat with which she hit the appellant on the forehead, whereupon appellant obtained the bat and struck the prosecuting witness on the arm, fracturing the bone. The testimony of the prosecuting witness was corroborated by that of her mother who was called as a witness by the state.

Testifying as a witness in his own behalf, appellant denied striking the prosecuting witness on the night in question Appellant testified that on such occasion he went to see the prosecuting witness at her invitation; that when he arrived he was admitted into the house by her and that while they were engaged in a conversation the mother-in-law entered the room and without any provocation struck him on the head with the baseball bat.

The court, in submitting the issue of appellant's guilt to the jury in his charge, to which no objections were made, charged the jury on the appellant's right of self-defense and upon the right of the prosecuting witness and her mother to protect their property against a trespasser.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to sustain its verdict.

No formal bills of exception appear in the record.

We have considered the eight informal bills of exception in the statement of facts to certain questions propounded to appellant on cross examination by state's counsel and find no reversible error. Six of the bills complain of questions propounded to appellant and by him answered before any objection was made thereto. Appellant's objections to five of the questions were by the court sustained. Appellant assigned no reason for his delay in objecting to the questions propounded and did not request the court to withdraw the objectionable questions and answers from the jury's consideration. Under such record no

reversible error is shown. Smith v. State, 163 Tex. Cr. R. 265, 290 S.W. 2d 530 and Pruitt v. State, 164 Tex. Cr. R. 340, 299 S.W. 2d 148. The other two bills relate to questions to which appellant timely objected and which objections were by the court sustained. The questions were unanswered by appellant and do not present error.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing; the judgment is affirmed.

Opinion approved by the Court.