CHARLIE LEE CLAYTON v. STATE

No. 34,748.   October 3, 1962

*Miller & Miller,* Graham, for appellant.

*Jack Q. Neal,* District Attorney, Graham, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is murder without malice (Art. 802c V.A.P.C.) ; the punishment, 3 years.

The indictment alleged that appellant was intoxicated and, while driving a motor vehicle on a public highway in such condition, through mistake and accident, killed D. W. Fletcher by then and there driving said automobile into and causing it to collide with a motor vehicle driven by said D. W. Fletcher thereby causing his death.

The evidence shows that D. W. Fletcher met his death as the result of a collision between the pickup truck he was driving on a gravel road and the automobile driven by appellant, traveling in the opposite direction.

The state's evidence was to the effect that the collision occurred about 4 o'clock P.M., while the vehicle the deceased was driving was on his right hand side of the road. Appellant and his witness put the point of impact upon his right hand side of the road.

According to the state's evidence, appellant was driving at a high rate of speed just prior to the collision. The testimony of appellant and his companion was to the effect that he was driving at a speed of about 35 miles per hour, and that the Fletcher car suddenly turned into his car.

A gin bottle (fifth) was found in appellant's car practically empty. Appellant and his companion testified that they purchased two bottles (fifths) of gin before noon and drank half of one bottle before they ate. Appellant denied that he was intoxicated.

There was evidence to the effect that shortly before the acci-

dent appellant was drinking from a cup at a drive-in in Graham and was staggering. Glenn Smith was with appellant. One of them said that the cups contained gin.

Dr. V. O. Rosser, Jr., who observed appellant at the hospital shortly after the accident, testified that appellant was intoxicated at that time.

It would serve no useful purpose to set out other testimony found in the record, or to discuss the several conflicts and discrepancies found therein. Suffice it to say that the jury resolved the issues in favor of the state and rejected appellant's request for suspension of sentence, and the defensive issues raised by his testimony and that of his witnesses.

Appellant's first claim of error is the court's refusal to submit to the jury the following requested charge:

"You are charged that if D. W. Fletcher turned his pickup truck to his left or toward a driveway on his left in front of the approaching automobile of the defendant in such manner that the intoxication or being under the influence of intoxicating liquor by the Defendant, if he was intoxicated or under the influence of intoxicating liquor, that the same did not contribute or was not a causal factor of the collision, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty'. In other words, if you believe that D. W. Fletcher turned his pickup truck to its left for any reason in front of the approaching automobile of the defendant in such a manner that an ordinary sober person, driving the direction this defendant was driving and at the same exact time and place and manner in which this defendant was driving, would have collided with said car, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The court, in Paragraph 10 of his charge, instructed the jury "* * * the defendant would not be guilty if the said defendant's motor vehicle was at said time and place operated in the manner it should be operated by one not intoxicated * * * ."

In Paragraph 11 the charge required the jury to find and believe in order to convict that appellant being intoxicated "* * * caused the collision, if any, or contributed to the same, or was a casual factor in causing the death of the said D. W. Fletcher * * * ."

In Paragraph 12 the court instructed the jury to acquit if they entertained a reasonable doubt as to whether the motor vehicle driven by appellant "* * * was being operated in the manner that it should be operated by one not intoxicated * * * or that such intoxication * * * caused or contributed to the collision in question * * * ."

Paragraph 14 of the court's charge instructed the jury to find the defendant not guilty if they believed or had reasonable doubt that the pickup driven by D. W. Fletcher was caused by Fletcher to run into and collide with the automobile being driven by appellant.

The charge given adequately instructed the jury upon the necessity of proof of a causal connection between appellant's intoxication and the collision and resulting death of the deceased.

Appellant next complains of the court's failure to submit his requested charge No. 2, instructing the jury to acquit unless they believed beyond a reasonable doubt that appellant drove his automobile into the vehicle being driven by the deceased.

The court's charge, in Paragraph 7, required the jury to find beyond a reasonable doubt, in order to convict, that appellant killed the deceased by driving his automobile into and causing it to collide with an automobile driven by the deceased, and the jury was instructed in the same paragraph to acquit if they did not so believe or if they had reasonable doubt thereof.

Appellant's third claim of error relates to the court's failure to submit his requested charge No. 3, instructing the jury to acquit unless they found and believed beyond a reasonable doubt that appellant was intoxicated at the time of the collision. The jury was instructed to this effect in Paragraph 8 of the charge as well as in Paragraph 7.

The court's charge adequately submitted the issue of whether appellant was intoxicated and the court did not err in refusing other requested charges relating to such issue.

Mrs. R. K. Hamilton, a state witness, testified that she saw an automobile traveling in a southerly direction on the gravel road from her home. "It was traveling so fast that I thought to myself, he will never make that turn at the bottom." She further testified that she heard the collision. "I didn't actually see a collision. There was so much dust. I knew there had been a collision

from the noise. \* \* \* I thought the car had just turned over. I was not aware that it had hit another car \* \* \* ."

"Q. As far as it being the same car that you saw pass you up there you don't know except what someone else told you, is that right? A. No, I know it was the same car. I could see it all the way down the hill.

"Q. But you didn't go down there, is that correct? A. No, I didn't. \* \* \*

"Q. Well, how did you know of your knowledge that it was the same car, if you didn't go down there, unless someone told you? A. Well, as I said, there was no other car that it could have been. No other car came by."

The foregoing testimony was before the jury without objection, as was Mrs. Hamilton's testimony that she knew that the car that passed her house was the one that collided with the other car. There was no motion to withdraw such testimony.

Appellant complains that the court refused his request that the jury be instructed not to consider a portion of Mrs. Hamilton's testimony if they found and believed it "was based upon what is commonly called hearsay, or what someone else told her".

We do not understand that there was a fact issue in this regard for the jury. If appellant desired to have the witness' statement which he regarded as hearsay withdrawn, he should have objected to its admission or moved the court to withdraw it at the time. James v. State, 170 Texas Cr. Rep 402, 335 S.W. 2d 603. The court did not err in refusing the requested charge.

Appellant also sought to have the jury instructed not to consider the testimony of the state's witness Morris Fife. Fife testified to having seen appellant near a creek crossing, drinking.

The basis for this special requested charge was that the testimony of Fife was contradictory to that of other witnesses, including the appellant.

We are aware of no authority sustaining this claim of error.

We have considered all of appellant's requested charges which the court refused and find no error in the trial court's rulings in regard thereto.

Appellant's complaint that the jury considered other evidence after they retired to consider their verdict is not sustained. The motion for new trial is not supported by affidavit of one in position to know the facts. Valdez v. State, 157 Texas Cr. Rep. 363, 248 S.W. 2d 744. The evidence adduced at the hearing on the motion for new trial is not brought before us in a separate statement of facts, as required by statute. Art. 759a (6) V.A.C.C.P.; Selvidge v. State, 171 Texas Cr. Rep. 140, 345 S.W. 2d 523, and cases there cited.

Be this as it may, the "rumors referred to by Mr. Neal" regarding appellant's previous record were before the jury during the trial, as a part of the cross-examination of appellant's character witnesses. The question of whether the cross-examination was proper is not before us, the questions being asked and answered without objection.

The judgment is affirmed.