Daniel V. ESPARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 35751.

Court of Criminal Appeals of Texas.

May 22, 1963.

Daniel V. Esparza, pro se.

James E. Barlow, Dist. Atty., James E. Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft, with a conviction for an offense of like nature alleged for enhancement; the jury found appellant guilty of the primary offense only and assessed his punishment at five years.

The witnesses Mauldin and Ramsey were residing at the YMCA in San Antonio on the night in question and were up quite late at night; they observed a Ford automobile drive into a parking lot adjacent thereto and approach a Mercury automobile which was parked on the lot. The men who got out of the Ford pulled on the doors of the Mercury, which the witnesses recognized as the property of one Victor Munguia, another resident at the YMCA. One of the men drove away; they observed the other pushing the Mercury, awakened Munguia, called the police and descended the fire escape. After they reached the Mercury, the police arrived and questioned appellant.

Officer Norton testified that, in response to a call, he drove to a parking lot next to the YMCA, saw appellant push the Mercury 15 or 20 feet and then jump into the driver's seat, but the motor did not function, and, in answer to his questions, appellant said the Mercury belonged to his brother-in-law, but that when Mauldin and Ramsey arrived and informed him of the ownership of the Mercury he placed appellant under arrest.

Munguia testified that he was awakened and descended to the parking lot, where he found appellant and the parties heretofore named. He testified that his automobile had been moved "a car and a half away from where I had it"; that the ignition wires had been cut and, in answer to a question as to its market value, stated that he paid $695.00 for it in 1960.

Appellant did not testify in his own behalf but called one Grauke, an inmate of

the prison system, who testified that he had met appellant for the first time on the night in question; that appellant reported to him that he had run out of gasoline and asked him if he had an automobile to push him to a service station. He stated that he had seen the Mercury earlier in the night and told appellant that if he would walk with him to the parking lot he would get his automobile; that they did so and when they arrived at the Mercury he told appellant his key would not work and then cut the ignition wires in an effort to start the motor. He stated that during the process of such effort he told appellant he needed a pair of pliers, left the scene, and when he returned found that the police had appellant in tow and, because he was a "five time loser," departed.

Appellant also called his sister, who testified that she loaned appellant her automobile on the night in question and that it was recovered the next morning with the gasoline tank empty.

The court instructed the jury to acquit if they had a reasonable doubt that appellant believed the automobile belonged to Grauke and that he (appellant) had a right to use it, and we find the evidence sufficient to support the conviction.

Only two serious questions are presented by this record. While the proof as to value leaves much to be desired, we do find, in addition to the injured party's testimony, that Officer Hassman testified the Mercury had a reasonable market retail value of $190.00 on the day in question. When it was discovered that he was testifying from a book put out by the Automobile Association and not from personal observation, the objection was interposed that such evidence was hearsay, but no motion to strike his prior testimony was made. While the evidence was hearsay, such is proper proof as to value. Holmes v. State, 126 Tex.Cr.R. 587, 72 S.W.2d 1092.

The second question is the sufficiency of the evidence to show that appellant had the automobile under his dominion and control so as to make him guilty of theft. Bryant v. State, 122 Tex.Cr.R. 385, 55 S.W.2d 1037, and the cases there cited support the holding that appellant, by pushing the automobile away from the place where he had found it, had exercised sufficient dominion and control over the same to support a conviction for the theft thereof.

No reversible error appearing, the judgment of the trial court is affirmed.