

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS
March 31, 1964

Dr. George Beto
Department of Corrections
Huntsville, Texas

Opinion No. C-234

Re: Dating back sentence
by trial judge and
granting discretionary
credits for jail time
under Article 768,
Vernon's Code of Crim-
inal Procedure

Dear Dr. Beto:

Your letter of March 17, 1964, requests an opinion by this office to answer the following question:

"When should the sentence of Daniel V. Esparza begin and to what credits, if any, is he entitled for time spent in jail?"

Daniel V. Esparza was tried before a jury on the charge of Theft of Corporeal Personal Property over the Value of Fifty Dollars in Cause No. S-61266 in the 175th District Court of Bexar County, Texas, on November 14, 1962. The jury found the defendant guilty on the following day and assessed his punishment at confinement in the Texas Department of Corrections for a period of five years. Motion for new trial was denied on December 14, 1962, and defendant was duly sentenced. Upon pronouncing formal sentence, the trial judge, John F. Onion, Jr., granted defendant's request for jail time credit under the discretionary authority provided by Article 768, Vernon's Code of Criminal Procedure, and dated the sentence back to July 4, 1962, which covered the period of time that Esparza had been confined in the County Jail on the charge. The defendant thereafter gave notice of appeal to the Court of Criminal Appeals, and his case was duly and properly appealed, resulting in the case being affirmed by the Court of Criminal Appeals and a mandate issued by that Court under date June 7, 1963. Daniel V. Esparza v. The State of Texas, 367 S.W.2d 861, (Tex.Crim., 1963). You are concerned as to whether the effective date of the sentence should be July 4, 1962, or June 7, 1963.

The real questions in this case are: if a trial judge exercises the authority given him under the provisions of Article 768, Vernon's Code of Criminal Procedure, and dates back the sentence, whether this dating back is rendered void by the perfection of appeal by the defendant in such case; and secondly, under the same Article when is the defendant

entitled to jail time credits?  The answers are in the interpretation given to Article 768 of Vernon's Code of Criminal Procedure.

Article 768 was amended in 1931 (Acts 42nd Leg., 1931, ch. 86, p. 129), so as to provide for the first time that trial courts have the authority to give the defendant credit on his sentence for the time, or any part thereof, which the defendant has spent in jail in said cause from the time of his arrest and confinement until his sentence by the trial court.   In 1941, this Article was amended (Acts 47th Leg., 1941, ch. 139, p. 193) by adding the provision that the trial court is authorized, where an appeal has been taken and the cause affirmed by the Court of Criminal Appeals and mandate received, to call the defendant back before him for re-sentencing and subtract from his original sentence the time he was confined in jail pending such appeal.  Section 2 of the Amendatory Act of 1941 repealed all conflicting laws or parts thereof.  In 1957 (Acts 55th Leg., 1957, ch. 149, p. 330) this Article was amended to provide equal application to misdemeanor cases as well as felony cases; it thus reads:

"Art. 768.  855, 833  Pronouncing sentence; time; credit for time spent in jail between arrest and sentence or pending appeal.

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which defendant was convicted may, within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court; and provided further, that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and/or sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the clerk of the trial court, the judge is authorized to again call said defendant before

him; and if, pending appeal, the defendant has not made bond or entered into recognizance and has remained in jail pending the time of such appeal, said trial judge <u>may then in his discretion re-sentence the defendant and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal</u>; provided, however, that the provisions of this Act shall not apply after conviction and sentence in felony cases in which bond or recognizance is not permitted by law." (Emphasis added)

Article 775, Vernon's Code of Criminal Procedure, provides in part that where an appeal is taken, the sentence shall begin to run with the date of the mandate and in every case the commitment shall so state. Article 768 does not purport to repeal the above provision of Article 775, nor is it in conflict; it provides for jail time credit before sentence and pending appeal with discretion in the trial judge.

The trial judge in this case followed the provisions of Article 768, Vernon's Code of Criminal Procedure, and dated the sentence back to July 4, 1962. Defendant, however, did not choose to begin serving his sentence, but perfected appeal. His sentence would begin June 7, 1963, with credit for jail time from July 4, 1962, through December 14, 1962. The dating back of the sentence was in effect voided by perfection of appeal, but the jail time credit remains to defendant's credit. It is our opinion that since the statute does not specifically provide for dating back a sentence, specific credit should be written into the formal sentence. If there is an omission on the records of the trial court to correctly reflect the acts by the trial judge, this can be corrected under the Nunc Pro Tunc provisions of Article 772, Vernon's Code of Criminal Procedure.

After the affirmance by the Court of Criminal Appeals and receipt of the mandate by the Clerk of the trial court, the trial judge did not exercise his further discretionary authority to subtract from the original sentence the time defendant spent in jail, if any, pending appeal; it is therefore our opinion that defendant is not entitled to any time spent in jail between the time of his original sentence and the execution of the mandate from the Court of Criminal Appeals; however, the statute does not preclude the trial judge from invoking his discretionary authority at this late date to recall and re-sentence the prisoner and grant him credit for jail time pending appeal and mandate.

## S U M M A R Y

In the case of <u>Daniel V. Esparza v. State of Texas</u>, sentence begins on June 7, 1963, but he is entitled to a credit for time spent in jail from July 4, 1962, through December 14, 1962.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By V. F. Taylor
V. F. TAYLOR
Assistant Attorney General

VT:cjp

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Pat Bailey
Edward R. Moffett
George Gray
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
By:  Grady Chandler