**Joe Leslie COLLIER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44227.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 11, 1972.

Melvyn Carson Bruder, Dallas, (by appointment on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft where the punishment was assessed at 2 years.

Initially, appellant challenges the sufficiency of the evidence to show that the automobile allegedly stolen was over the value of fifty dollars. See Article 1421, Vernon's Ann.P.C.

Pablo Hernandez testified that on February 26, 1970, someone stole his 1963 Chevrolet automobile which was a "pretty good" car which "run pretty good" and that when the car was recovered it was in "pretty good" shape except "he had bent just one door and stealed my spare and broke that key to the trunk."

Earl Sawyer, Dallas Police Detective, was shown to be qualified to testify as to the market value of automobiles in Dallas County on February 26 and 27, 1970. He related that the "average '63 Chevrolet would run anywhere from * * * $295.00 to $450.00" and that an "average condition automobile at this time, an average '63 Chevrolet, average market, would be anywhere from 250 to 300 dollars at the very least."

The record then reflects the following on direct examination:

"Q. All right. Now, would you say the vehicle involved in this case, 1963 Chevrolet, two-door on the 27th day of February, 1970, then would have a fair market value in Dallas County, Texas, of some 300 and 350 dollars?

"A. Yes, sir, referring to *that* car, I would say, yes.

"Q. It would be a value over the amount of $50.00?

"A. Yes, sir, it would." (emphasis supplied)

There was no objection to such testimony.

The cross-examination consisted only of the following:

"Q. Have you examined the car, this particular 1963 Chevrolet?

"A. No, sir, I did not."

Thereafter there was no motion to strike or other relief requested.

■ It should be remembered that hearsay evidence is admissible as proof of market value. Esparza v. State, Tex.Cr.App., 367 S.W.2d 861; De La O v. State, Tex.Cr.App., 373 S.W.2d 501; Morris v. State, Tex.Cr.App., 368 S.W.2d 615.

Lucas v. State, Tex.Cr.App., 452 S.W.2d 468, noted that Baden v. State, Tex.Cr.App., 74 S.W. 769, had held that a witness who is acquainted with the market value of goods of the same character as those stolen may testify as to market value though he has no personal knowledge of the particular goods. See also Clark v. State, 152 Tex. Cr.R. 446, 215 S.W.2d 184.

■ While the proof as to value leaves something to be desired, we conclude the evidence sufficient to sustain the verdict.

■ Next appellant claims the prosecutor injected new facts into the case by virtue of jury argument at the guilt stage of the proceedings, facts which were prejudicial to him.

The argument complained of is:

"Don't slight this case merely because we are dealing with a car that doesn't cost too much money either. It cost a lot to Pablo and it meant a lot to him. The loss of his spare tire and other things that he lost, he probably never has replaced since then."

There was no objection to such argument. And no other relief was requested. While a prosecutor should not inject new facts into the case during argument, some of the foregoing argument at least was a reasonable deduction from the evidence. No error is perceived.

The judgment is affirmed.