Jesus **HERMOSILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44346.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Rehearing Denied Feb. 2, 1972.

Armendariz & Armendariz by Albert Armendariz, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft where the punishment was assessed at 3 years.

The indictment alleges the theft of "one adding machine of the value of $200.00."

■ Appellant challenges the sufficiency of the evidence to sustain the conviction.

John Jameson, Special Agent, Security Division, REA Express, Inc., Denver, Colorado, testified that on June 26, 1970, he was investigating thefts from the REA Express Terminal in El Paso. He had the terminal under surveillance from his nearby motel room and about 11:50 p. m. with the aid of binoculars he observed a man approximately 5' 11", slender build, 145 to 150 pounds, with dark clothing inside the terminal yard throwing boxes or cartons over the fence. He left the motel and drove in his car to a place where he saw the cartons unopened. He returned to the motel area and asked someone to call the police. As he returned to the terminal he saw the same man he had seen earlier walk along the street and stop near the building. He made a U-turn and then saw that the individual had been apprehended by the police. He identified the appellant as the man arrested and as the man whom he had earlier observed. Jameson related there were ten cartons, one bearing the word "Check" which indicated its readiness for delivery by REA. He added he had seen the carton the adding machine was in but he did not open "that box."

Tom Gonzalez, El Paso police officer, testified he responded to a call and went to the REA Terminal Yard on the occasion in question. Upon arriving he saw appellant crouching over, holding a white box, and although the appellant fled he was apprehended shortly thereafter. Gonzalez testified he examined the white box that the appellant had been holding and found it to contain a Bohn electric adding machine. There also were a number of boxes in the area of appellant's arrest and all of them were placed in the patrol car and taken to the police station along with the adding machine.

Robert Worsham, Manager of the El Paso REA Terminal Yard, testified that he saw the appellant at the terminal in custody after he had received a call that night. He found "the shipments" on the street side of the fence; that they were property of REA in his care and custody, and in the "shipments" he found the adding machine. He related he did not give the appellant permission to take any property out of the terminal nor consent to take the Bohn electric adding machine. When asked what type the adding machine was he replied, "I believe it was a Bohn," and stated "it was a shipment addressed to Office Service Center." He revealed that the police took custody of all the property recovered but four days later the property, including the Bohn electric adding machine, was returned and delivered to the ultimate consignee.

George Beardsley, buyer at the Office Service Center, El Paso, testified he had been buying office equipment for 15 years. The appellant then admitted "his qualifications as a witness." Beardsley then testified he had knowledge of an alleged theft that occurred at the REA Terminal of a machine that was enroute to his company. The record then reflects:

"Q. All right. And what type of adding machine was that?

"A. That was a Bohn Context Adding Machine, Tin-Tote (phonetic) 11.

"Q. All right. Do you have knowledge of the exact machine that was involved in that theft?

"A. Yes, sir.

"Q. And what—what is the value of that machine?

"A. $129.50."

On cross-examination he admitted he had not seen the machine itself, but coming from the supplier it "would be a new machine"; that his company did buy used machines.

The appellant also introduced a police offense report which included an inventory

of the items recovered at the time of appellant's apprehension. It reads in part:

"Office Service Center, 5355 El Paso Drive, El Paso, Texas. Fr: United Stationers Supply, 1900 South Des Plains, Forrest Park X Chicago, Illinois. CWB 678654, 6/13/70, 1 of 4 Cartons, 50 lbs. on 4, D/V $100.00, Adding Machine."

It was the only adding machine contained in the inventory.

Appellant did not testify but called Maria Hernandez who related that on the night in question she met the appellant at a dance hall and they left together about 11:15 p. m. and it took them about 30 minutes to walk to her home where he left her.

The court instructed the jury the State is not bound by the amount of money alleged to be the value of the property taken, and may prove such property is of a value of any amount over fifty dollars. See 5 Branch's Ann.P.C., 2d ed., Sec. 2675, p. 121.

We deem the evidence sufficient to sustain the jury's verdict.

Appellant vigorously urges that the value of the particular machine in question was never established.

 It should be remembered that hearsay evidence is admissible as proof of market value. Esparza v. State, Tex.Cr.App., 367 S.W.2d 861; De La O v. State, Tex. Cr.App., 373 S.W.2d 501; Morris v. State, Tex.Cr.App., 368 S.W.2d 615.

In Collier v. State, Tex.Cr.App., 474 S. W.2d 240, it was recently held that a witness who is acquainted with the market value of goods of the same character as those stolen may testify as to market value though he has no personal knowledge of the particular goods. See also Lucas v. State, Tex.Cr.App., 452 S.W.2d 468; Baden v. State, Tex.Cr.App., 74 S.W. 769.

While proof as to value leaves something to be desired, we conclude the evidence is sufficient. Although appellant complains that the evidence failed to reflect the size,

serial numbers and other vital descriptions of the machine, we deem the evidence sufficient to identify the property in question and reflect that it was in the custody of the alleged owner Worsham.

We find no merit in appellant's contention that he was denied due process, that his conviction is rendered null and void because the El Paso County District Attorney permitted the allegedly stolen item of property to be withdrawn from the El Paso Police Department property room and delivered to its ultimate consignee.

The judgment is affirmed.