Jesse **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44786.

Court of Criminal Appeals of Texas.

March 29, 1972.

Henry Beltran, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bob Spicer, Fred Spicer, and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft. The punishment was assessed by the jury at 6 years confinement in the Texas Department of Corrections.

By his sole ground of error appellant contends that the testimony of Officer Emilio Cavazos as to the market value of the automobile allegedly stolen by appellant in this cause should be stricken because he was not shown to be qualified to testify to such market value.

The record reflects that Officer Cavazos testified as follows:

"Q. Now, during your police duties, from time to time, do you have occasion to come in contact and know the value of automobiles?

"A. Yes, sir.

"Q. And in the past, in what ways do you usually come in contact with automobiles or to know their value?

"A. Well, whenever we take a stolen auto report we ask the owner what the value of the car is. You have

to know the value in order to put it on the report.

"Q. And are you familiar yourself with the fair market value of the—well, let me ask you this: What kind of car was that?

"A. '64 Chevrolet.

"Q. All right. And are you familiar with the fair market value in the community of a 1964 Chevrolet on October 8, 1970?

"A. Yes, sir, I think so.

.    .    .    .    .    .

"Q. Could you tell us the market value of a 1964, two-door hardtop on October 8, 1970?

"A. I would say about four hundred dollars.

"Q. Where do you get your information from?

"A. About that time I was selling my own personal car, sir.

"Q. I see.

"A. And I did some checking. I read the paper.

"Q. What kind of personal car did you have?

"A. I had a '66 Pontiac.

"Q. I see. In other words, your opinion of automobiles, that comes from the fact that you were selling your car?

"A. No, sir. I also read the paper and cars come up for sale and it has the listing, then it has a price; and I have several friends that sell automobiles.

"Q. And they give you that information?

"A. I always ask them, yes, sir.

.    .    .    .    .    .

"Q. Okay, Officer, what was the fair market value in this community, San Antonio, Bexar County, Texas, back on October 8, 1970, of that 1964 Chevrolet?

"A. I would say about four hundred to five hundred dollars.

"Q. Definitely over fifty dollars?

"A. Yes, sir."

In Collier v. State, 474 S.W.2d 240, a police officer was shown to be qualified to testify as to the market value of automobiles in Dallas County on the date in question. He stated that the average market value of an automobile that the defendant therein was on trial for stealing would be anywhere from two hundred and fifty to three hundred dollars; and that the car in question would have a value in excess of $50.00. This court held "while the proof as to value leaves something to be desired, we conclude the evidence sufficient to sustain the verdict."

In Morris v. State, 368 S.W.2d 615, the owner of the automobile stolen from her testified that the fair market value thereof would be around one thousand dollars. In holding that the evidence was sufficient to sustain the conviction therein this court stated: "while we are not ready to say that the court may take judicial knowledge of the value of an automobile, we do say that proof that the automobile taken in June, 1962, was a 1957 Pontiac convertible in condition to drive from Dallas to Vernon and return, required but little supporting evidence to sustain the allegation that it was of the value of over $50."

In Esparza v. State, 367 S.W.2d 861, a police officer testified as to the reasonable market value of the automobile in question and based his testimony from a book put out by the Automobile Association and not from personal observation of said automobile. This court held "while the evidence was hearsay, such is proper proof as to value. Holmes v. State, 126 Tex.Cr.R. 587, 72 S.W.2d 1092."

**524**

In Murphy v. State, 161 Tex.Cr.R. 87, 275 S.W.2d 104, this court held that the testimony of the owner of the alleged stolen car was sufficient to establish value where he had been driving automobiles for thirty-five or forty years and thought he knew the market value of cars.

■ This court has consistently held that hearsay evidence is admissible as proof of market value. e. g. Hermosillo v. State, 475 S.W.2d 252; Lucas v. State, 452 S.W.2d 468.

■■ We conclude the evidence is sufficient to support the conviction in the instant case and no error was committed by overruling the motion to strike the complained of testimony.

The judgment is affirmed.