Prentiss Newton **KIRKLAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45461.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Rehearing Denied Jan. 31, 1973.

Curtis Renfro, Vernon, Jean Hosey, Galveston, Richard D. Bird, Childress, for appellant.

Bill Neal, Dist. Atty., Vernon, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of misdemeanor theft. The indictment was for felony theft of property over the value of $50.00. The jury assessed the punishment at one year's confinement in the county jail and a fine of $250.00.

While on routine patrol the night of February 11, 1969, near Vernon, Patrolman Pat King of the Department of Public Safety observed an automobile with its lights off come out of a private driveway at Blake's Salvage Yard. The automobile traveled approximately one hundred yards before its lights were turned on. Patrolman King, knowing the business to be closed at that time of the evening and not recognizing the car as that of the owner of the business, Val Blake, followed the car.

He noticed that the car had out-of-county license plates. After observing the driver commit two traffic violations, he waited until the car came to a well-lighted place before stopping it. While checking the identity of the driver and appellant, a third person raised up from the back seat. King then shined the flashlight on the individual in the back seat and observed a large object covered with three coats lying on the

floorboard. He discovered the object to be an oxygen tank such as the ones used in Blake's Salvage Yard.

Appellant's contentions concerning the legality of the search, the charge on circumstantial evidence and the sufficiency of the evidence have already been decided adversely to him in the companion case of Grego v. State, 456 S.W.2d 123, tried on the same evidence and where the identical complaints were made. They are again overruled.

■ Additionally, appellant alleges error in the trial court's failure to grant his motion to quash the indictment in that it failed to properly and adequately describe the stolen property. He contends the description, "one oxygen container and the contents thereof, to-wit: oxygen," as well as identifying it as the property of Val Blake is insufficient.

Article 21.09, Vernon's Ann.C.C.P., provides, "When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient."

In Wilson v. State, 398 S.W.2d 291, this Court held that an allegation of theft of "ten drill bits" in an indictment adequately described the property alleged to have been stolen.

Beland v. State, 160 Tex.Cr.R. 351, 271 S.W.2d 430, held that the description of the property in an indictment charging theft of "one camera" was sufficiently definite to apprise the accused of the nature of the charge against him.

We hold that the property was sufficiently described.

■ Next, appellant complains that the court erred in admitting into evidence a receipt for the sale of an identical oxygen container to a third party as evidence of the value of the stolen container. While this receipt is hearsay, this Court has con-

sistently held that hearsay evidence is admissible as proof of market value. Gonzales v. State, Tex.Cr.App., 478 S.W.2d 522.

■ Finally, appellant argues that it was error for the trial court to admit into evidence at the punishment stage of the trial his record of a prior conviction which included a certified copy of his indictment in that prior offense. The record, approved without objection, does not contain a statement of facts of the hearing on punishment, thus the exhibit complained of is not in the record. Nothing is presented for review.

No reversible error being shown, the judgment is affirmed.