**Richard MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49587.**

Court of Criminal Appeals of Texas.

May 21, 1975.

Kerry P. FitzGerald (Court-appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., and Steve Wilensky, Jon Sparling and Don Driscoll, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder with malice. Punishment was assessed at thirty years.

Appellant's sole ground of error is that the court erred in refusing to submit in its charge to the jury instructions on the law of negligent homicide.

The record reflects that in the latter part of July, 1972, Rosemary Gonzales and her six months old son, Michael Gonzales, started living with appellant. On August 18, 1972, while Rosemary was taking a bath in the bathroom across the hall from the apartment, appellant was in the bedroom with Michael. She testified as a State's witness on its case in chief that about ten minutes after she started her bath appellant came in the bathroom and told her that the baby had been hurt. On examining the child, she noticed that both of his eyes were swollen and that he had a bruise on his forehead. She and appellant took the child to Parkland Memorial Hospital, where it died that day.

Dr. Vincent Dimaio performed an autopsy on the body of Michael Gonzales August 19th. He testified that his examination disclosed that the infant had suffered one blow in the abdomen and four blows to the head, and that death was caused by a combination of the blows. He stated that these injuries were not consistent with the child being hurt as a result of a fall from a bed.

A written confession signed by appellant on August 21, 1972, was admitted in evidence without objection. In addition to

the portion containing the warnings, this confession reads as follows:

"On Friday, August 18, 1972, at about fifteen minutes to one in the afternoon Rosie was taking a bath and the baby was crying a little, the crying bothered me a little. I swung back and hit the baby in the right side of the head with the back of my fist. The baby cried loud and I got scared. I grabbed the baby and called Rosie and took him to Parkland Memorial Hospital."

Appellant in his brief argues that "his statement that he struck the child with the back of his hand while the child was crying and that he then took the child to Parkland Memorial Hospital raises the legal issue of whether or not appellant was guilty of negligent homicide of the second degree in that he failed to exercise the proper care and caution of an ordinarily prudent person under the same or similar circumstances in hitting the child."

Appellant admitted striking the six months old baby in the side of its head with his fist. Under the provisions of Art. 1148a, Vernon's Ann.P.C., this intentional battery of a child under 14 years of age constituted a felony offense. See Hilliard v. State, Tex.Cr.App., 513 S.W.2d 28. Art. 1241, V.A.P.C. provides:

"When one in the execution of or in attempting to execute an act made a felony by law shall kill another, though without an apparent intention to kill, the offense does not come within the definition of negligent homicide."

■ The issue of negligent homicide was not raised by the confession of appellant.

However, the record reflects that after the State had rested its case in chief appellant recalled Rosemary Gonzales to the stand and questioned her concerning a written request she had made to have the prosecution dismissed. On cross-examination by the State, she testified that when appellant first told her of the baby being hurt, he said that it had fallen off the bed. Later, after she had gone with him to the bedroom to see what had happened, he told her, in response to questioning, that while he was lying on the bed playing with deceased, tossing him into the air, he dropped him, and he hit the metal frame of the bed.

Appellant did not testify, and the hearsay testimony of Rosemary Gonzales of the self-serving statements of appellant given in answer to her inquiries is the only evidence we have in the record which could arguably raise the issue of negligent homicide. See Esparza v. State, Tex.Cr. App., 520 S.W.2d 891; Stiles v. State, Tex.Cr.App., 520 S.W.2d 894. In *Esparza* and *Stiles*, the Court held that the defendants' testimony raised the issue of negligent homicide.

■ It is a well established rule of evidence that hearsay is without probative value. It constitutes no evidence, and will not be considered as such. Reynolds v. State, Tex.Cr.App., 489 S.W.2d 866; Payne v. State, Tex.Cr.App., 480 S.W.2d 732; Cherb v. State, Tex.Cr.App., 472 S. W.2d 273; Salas v. State, Tex.Cr.App., 403 S.W.2d 440; Rogers v. State, Tex.Cr. App., 368 S.W.2d 772.

As to self-serving statements, see 24 Tex.Jur.2d, p. 163, § 612.

■ Eliminating Gonzales' hearsay testimony of appellant's self-serving statements, made in answer to her questioning, there is no evidence in the record raising the issue of negligent homicide. The trial court did not err in refusing to submit that issue to the jury.

The judgment is affirmed.

Opinion approved by the Court.