Meryl Douglas HANNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 52400.

Court of Criminal Appeals of Texas.

Feb. 9, 1977.

John G. Hyde, Midland, for appellant.

James A. Mashburn, Dist. Atty., Jack K. (Rusty) Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of theft of property of the value of over $200.00; the punishment, which is enhanced by a prior felony conviction, is imprisonment for 15 years.

The appellant asserts that the evidence is insufficient to sustain his conviction and that the trial court improperly submitted a charge on the "law of principals" and conspiracy. We first consider the appellant's ground of error concerning the insufficiency of the evidence. It was alleged in the indictment that on July 14, 1975, the appellant stole one 1974 Chevrolet automobile of a value of over $200.00 from George Huckabay.

George Huckabay, the owner of Huckabay Chevrolet Co., testified he did not give consent for the appellant to take the automobile which had been stolen.

Leburn T., also known as "Sonny" Ingram, the used car manager for Huckabay Chevrolet Co., testified that on July 14, 1975, a 1974 two door Chevrolet Nova automobile was missing from the Huckabay lot. The missing automobile was bronze or brown and had a value of $2,650.00. Ingram did not give consent for the appellant to take the automobile. He reported that the automobile had been stolen to an officer of the Midland Police Department whose name he did not remember. He gave the officer to whom he reported the loss a full description of the missing automobile including the vehicle identification number and license registration number. However, Ingram in his testimony did not say what the vehicle identification numbers and the registration license plate numbers were that he gave the officer. The missing automobile was returned to the Huckabay lot later in the afternoon on July 14, 1975. When returned, the automobile had different license plates and it had some "striped tapes down it."

Detective Sergeant Jim Colburn of the Midland Police Department testified that on July 14, 1975, he received from Sonny Ingram, manager of the Huckabay Chevrolet Co., a report that an automobile had been stolen from the Huckabay lot; Ingram gave Colburn the full description of the car.

Colburn passed this information on to the Odessa Police Department at about 1:00 or 1:30 p.m. Later that day Colburn said he helped return the stolen automobile from Odessa to the Huckabay lot.

Odessa Police Officer Frederick C. Sellers received a radio message on July 14, 1975, about a purported theft of an automobile in Midland County. He acted upon the information he received by going to a service station where he saw the appellant in the seat of an automobile attempting to repair a citizens band radio. Sellers said the automobile fit the description of the automobile about which he had received information but he did not in his testimony describe the automobile in which he found the appellant. The appellant told the officer his name and exhibited to the officer for purposes of identification a traffic ticket issued to him earlier in the day. Sellers arrested the appellant. The appellant told Sellers the car belonged to someone by the name of Day.

Jack Smither, a highway patrolman with the Department of Public Safety, on July 14, 1975, at about 12:25 p.m. while he was "working radar" on the Northwest Loop around Odessa, stopped an automobile driven by the appellant. He testified that it was a 1974 two door Chevrolet Nova.

■ The appellant did not testify and offered no evidence. All of the evidence of probative value supporting the conviction has been summarized; it has been shorn of the hearsay testimony which is without probative value. *Ex parte Martinez,* 530 S.W.2d 578 (Tex.Cr.App.1975); *Mendoza v. State,* 522 S.W.2d 898 (Tex.Cr.App.1975); *Ex parte Thrash,* 167 Tex.Cr.R. 409, 320 S.W.2d 357 (1959); 24 Tex.Jur.2d 51, Evidence, Section 557. We cannot conclude that the evidence shows beyond a reasonable doubt that the car which the appellant was driving when he was stopped by Patrolman Smither was the same car which had been taken from the Huckabay lot. There is no evidence that it was even the same color. We cannot determine that the car in which the appellant was arrested by Officer

Sellers was the car taken from the Huckabay lot. Sellers gave hearsay testimony of the description of the automobile which was reported stolen; however, since hearsay evidence has been held not to have probative value, *Ex parte Martinez, supra; Mendoza v. State, supra; Thrash v. State, supra;* 24 Tex.Jur.2d 51, Evidence, Section 557, we may not consider this testimony in support of the conviction. Sellers did not describe the vehicle in which he found the appellant except to say it fit the description he received on the radio. There is no evidence that the car which Sergeant Colburn helped return from Odessa was the car in which the appellant was arrested or the car which the appellant was driving when he was stopped by Patrolman Smither. This being the state of the record, we have no alternative but to find the evidence insufficient to support the conviction.

■ The appellant also contends that the trial court improperly submitted to the jury a charge on "the law of principals" and on the law of conspiracy. In view of our disposition of this appeal we need not decide whether it was harmless error in the circumstances of this case to charge on the law of criminal responsibility for the act of another and the law of conspiracy; however, we agree that the evidence does not raise these issues; in the event of another trial, if the evidence is of the same nature, the complained of part of the charge should not be submitted to the jury.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

"Such is the irresistible nature of truth," said Thomas Paine, "that all it asks, and all it wants, is the liberty of appearing." [1] That truth be given the "liberty of appearing" is essential to the administration of justice. Accordingly, because this Court follows a rule that excludes evidence bearing directly on the truth to be determined,

1. Foner, The Complete Writings of Thomas Paine, 354 (1945).

and because that rule lacks a sound basis in policy or logic, I dissent.

In the instant case the automobile, with the license number and the vehicle identification number and its description, was reported stolen to the Midland Police Department. Officer Sellers saw a vehicle that matched the description of the stolen vehicle. Appellant was inside the automobile repairing a citizens band radio. Sellers further related:

"Well, I checked with the Defendant, and asked him what his name was. He identified hisself (sic). Also he showed me a traffic citation that was issued earlier in the day, for identification. Also I checked the vehicle identification number, and verified it with headquarters that this was the vehicle they were looking for."

The vehicle was impounded at Permian Wrecker. The car was returned to Huckabay Chevrolet Company the same day that it was stolen.

The above testimony was admitted without objection. The majority, adhering to the rule that hearsay evidence has no probative value, disregards the officer's testimony. As a result, the evidence is found insufficient to support the conviction.

The rule that hearsay evidence has no probative force and is, thus, no evidence whatsoever, is followed in Texas. 1 McCormick and Ray, Texas Law of Evidence, Section 31 (2nd Ed. 1956). All other American jurisdictions, with the exception of Georgia, accept the probative value of hearsay when it is admitted without objection. See Annot., 79 A.L.R.2d 890.

The basic fallacy of the Texas rule is the concept that because hearsay is inadmissible it is thereby "incompetent" and "totally lacking in probative force." See *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App. 1975); *Mendoza v. State*, 522 S.W.2d 898 (Tex.Cr.App.1975); and 24 Tex.Jur.2d 51, Evidence, Section 557. One commentator

has recently examined this fallacy and repudiated the rule.[2]

The rule is untenable; hearsay that is relevant has probative value. The commentator explains:

"The so-called hearsay dangers, which justify the exclusionary hearsay rule, are universally recognized to be the witness' perception, memory, narration and sincerity. All of these revolve around the denial of the right of cross-examination, and the lack of opportunity to view the witness' demeanor. No one has ever suggested lack of probative value as a hearsay danger. Perhaps the best argument in favor of the probative value of hearsay lies in the many exceptions to its exclusion. If hearsay were nonprobative there would not be so many courts and lawyers and commentators seeking excuses to admit it. There are no exceptions to the rule excluding irrelevant evidence which truly lacks probative value."[3] (footnotes omitted)

That hearsay evidence has probative force is reflected in many of this Court's decisions. For example, hearsay evidence, not within any of the recognized exceptions to the hearsay rule, is proper proof of value in theft cases. *Kirkland v. State*, 489 S.W.2d 298 (Tex.Cr.App.1972); *Gonzales v. State*, 478 S.W.2d 522 (Tex.Cr.App.1972); *Hermossilo v. State*, 475 S.W.2d 252 (Tex. Cr.App.1971); *Lucas v. State*, 452 S.W.2d 468 (Tex.Cr.App.1970); *DeLaO v. State*, 373 S.W.2d 501 (Tex.Cr.App.1964), and *Esparza v. State*, 367 S.W.2d 861 (Tex.Cr.App.1963).

Further, admissible reputation evidence is in the nature of opinion based on hearsay. The reputation witness states his opinion based on that which he has heard from others concerning defendant. See *Brown v. State*, 477 S.W.2d 617 (Tex.Cr.App.1972), and *Mitchell v. State*, 524 S.W.2d 510 (Tex. Cr.App.1975).

In *Ex parte Clark*, 164 Tex.Cr.R. 385, 299 S.W.2d 128 (1957), petitioner was charged

---

**2.** Black, *Hearsay Admitted Without Objection—A Defense of Its Probative Value*, 17 So.Tex.L.J., 69 (1975).

**3.** Id. at pp. 71–72.

with felony theft and forgery. When those cases were called for trial, he pled guilty and waived his right to a jury trial. He also " 'waived the hearsay rule and the presence of witnesses to appear and testify against the defendant in each cause.' " To prove commission of the offenses charged, the State relied entirely upon hearsay evidence which consisted of ex parte affidavits by the prosecuting witnesses.

Petitioner subsequently instituted a habeas corpus proceeding attacking the judgments and sentences. The thrust of his attack was that although the trial court did not err in admitting the statements, they were hearsay and, thus, had no probative force. This Court rejected that contention and held that the affidavits did constitute evidence of probative force since the right to confrontation and cross-examination had been waived.

In *Clayton v. State*, 172 Tex.Cr.R. 595, 361 S.W.2d 385 (1962), the conviction was for the offense of murder without malice under Article 802c of the former code. The offense occurred when defendant, who was intoxicated, crashed his automobile into the deceased's truck. The conviction was largely due to the testimony of Mrs. Hamilton, a witness for the State. After she testified and the defense rested, defendant requested that the jury be instructed not to consider a portion of Mrs. Hamilton's testimony if they found and believed it " 'was based upon what is commonly called hearsay, or what someone else told her.' "

On appeal, defendant challenged the trial court's refusal to give the requested instruction. This Court, overruling his challenge, stated that:

" . . . If appellant desired to have the witness' statement which he regarded as hearsay withdrawn, he should have objected to its admission or moved the court to withdraw it at the time. *James v. State*, 169 Tex.Cr.R. 526, 335 S.W.2d 603. The court did not err in refusing the requested charge."

1 McCormick and Ray, Texas Law of Evidence, supra, contains a discussion of the Texas rule. Therein it is stated that:

"As stated earlier a failure to make proper objection to evidence which is inadmissible because in violation of one of the exclusionary rules operates as a waiver of any complaint based upon the admission of the evidence. But it may have a more serious consequence. In most jurisdictions such evidence, if relevant to some issue, stands upon the same footing as admissible evidence, i.e., it may be relied upon to the extent of its probative value and may support a finding of fact or verdict. Texas cases, however, contain frequent statements to the effect that inadmissible evidence may never support a finding of fact or verdict even though it was received without objection.

"This broad statement is inaccurate. An analysis of the cases shows that as to secondary evidence of a writing and testimony of an incompetent witness, the courts are in line with the majority elsewhere, permitting the use of evidence in support of a finding or verdict. *But inadmissible hearsay and opinion evidence, admitted without objection, may not be used for any purpose. This position seems to be based upon the assumption that such evidence is entirely without probate value. The assumption is unsound and the result has been effectively criticized.*

"*Evidence which is totally lacking in relevance is to be distinguished. The failure to object to it can add nothing to its probative value and it will not, of course, support a finding or verdict. . . .* " (Emphasis added) (footnotes omitted).

From the reasons set out, hearsay evidence does have probative value. The Texas rule blurs the distinction between inadmissible evidence and incompetent evidence.

Further, this rule reduces the administration of justice to a game. If hearsay evidence is objected to at the proper time, then the State may be able to offer other evidence in its place. But if the hearsay is admitted without objection, and is uncontradicted, then the State will often be precluded from introducing other, repetitious

proof because of the various practical constraints under which it operates at trial. Thus, the rule allows the accused to lull the State into a false sense of security concerning the status of its proof and then on appeal to argue that the evidence is insufficient to support the verdict.

An accused occupies one of three possible positions with respect to hearsay evidence offered by the State: (1) he does not have sufficient information to know whether it is true or false; (2) he knows it is false; (3) he knows that it is true. In any case, if the accused occupies either of the first two positions he can be expected to object to the proffered hearsay. If he fails to object, the inference can be drawn that such failure results from two possible motives: (1) a tacit admission that the hearsay is true, in which event the court should give the evidence its full probative effect, or (2) he is playing a game for appellate purposes, which does not deserve court sanction.

There is no authority for the proposition that a more stringent hearsay rule must be applied in criminal than in civil cases. See the discussion contained in *United States v. Williams*, 447 F.2d 1285 (5th Cir. 1971), cert. denied, 405 U.S. 954, 92 S.Ct. 1168, 31 L.Ed.2d 231, rehearing denied, 405 U.S. 1048, 92 S.Ct. 1308, 31 L.Ed.2d 591. Application of the Texas rule deflects the truth-finding process and, hence, often frees the guilty. In the instant case, appellant, convicted of theft of property of the value of over $200.00, is reversed because the testimony of a witness, admitted without objection and uncontradicted, is "shorn" by the majority. When appellant failed to object to the testimony he either assented to its accuracy or played games with the court. The rule encourages the latter and, thus, should be abandoned.