# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00389-CR
NO. 03-07-00390-CR

**Bert Edward Crabtree, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
NOS. 5756 & 5757, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING**

# M E M O R A N D U M   O P I N I O N

Appellant Bert Crabtree was charged with one count of possession of certain chemicals with the intent to manufacture methamphetamine and one count of possession of between four and two-hundred grams of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.115(d), (f) (West 2003), .124 (West Supp. 2008). In a separate indictment, appellant was charged with possession of more than four-hundred grams of methamphetamine. *See id.* § 481.115(f). Appellant pled guilty to all three charges without a plea agreement as to sentencing, and chose to have a jury assess his punishment. The jury sentenced him to ten and fifteen years for the two charges in the first indictment and fifty years on the second indictment.[1] We affirm the trial court's judgments of conviction.

---

[1] The jury also assessed two $10,000 fines and one $100,000 fine. The trial court entered a judgment in accordance with the jury's determinations, providing that the three jail terms would run concurrently but would be stacked on punishment assessed in a cause from Gillespie County.

**Factual and Procedural Background**

On May 18, 2005, law enforcement officers executed a search warrant at the 1,600-acre ranch ("Crabtree Ranch") at which appellant resided and in which appellant had a joint ownership interest along with his mother and siblings, uncovering evidence implicating appellant in the manufacture of methamphetamine. As a result, appellant pled guilty to two counts of possession of methamphetamine and one count of possession of chemicals with intent to manufacture, leaving the issue of punishment for a jury's determination.

Before appellant's guilty pleas and in a separate civil proceeding, the State brought a forfeiture action against the owners of Crabtree Ranch, including appellant, his mother, and his siblings, alleging that the ranch was being used or intended to be used to commit a felony under chapter 481 of the health and safety code. *See* Tex. Code Crim. Proc. Ann. arts. 59.01(2)(B)(i) (West Supp. 2008) (defining contraband), .02(a) (West 2006) ("Property that is contraband is subject to seizure and forfeiture under this chapter."). To prevent the forfeiture of the family's ranch, appellant's mother paid an undisclosed amount to the State as part of a settlement agreement. Subsequently, appellant voluntarily deeded his interest in the Crabtree Ranch to his mother.

During the punishment phase of his criminal trial, appellant sought to introduce testimony from his mother referencing the State's original petition from the forfeiture action brought against the Crabtrees. Appellant sought to use her testimony to show that he was remorseful for the trouble he had caused and money he had cost his family. Appellant argued that the forfeiture was relevant, and thus his mother's testimony regarding the forfeiture was relevant and should be admitted to show his remorse. The State argued that any mention of the forfeiture would be irrelevant and prejudicial. After hearing arguments from both sides and reviewing case law, the trial

2

court ruled that appellant, not his mother, would have to be the one to testify about his remorse, and that if he testified regarding his remorse, he would be allowed at most to speak in general terms about the forfeiture. The court barred appellant's mother's testimony regarding the forfeiture proceeding altogether on the grounds that the likely prejudicial effect of that specific testimony, sympathy toward the family, outweighed its probative value. *See* Tex. R. Evid. 403.

**Analysis**

Appellant argues on appeal that the trial court erred in refusing to admit certain evidence of the forfeiture proceeding through his mother's testimony. The trial court held that evidence related to the forfeiture could only be admitted through appellant's testimony. Appellant argues that the evidence, which would have shown that he lost his interest in the ranch and that his family expended considerable sums in settling the forfeiture, was evidence "that he already suffered some punishment" and was thus relevant to the jury's determination of what it should assess as further punishment. He contends that by barring evidence of the forfeiture other than through appellant's own testimony regarding his remorse, the trial court limited his constitutional right not to testify and his right to present evidence on his behalf.[2]

---

[2] Appellant claims that he has an "absolute right to present mitigation evidence prior to receiving punishment for the cause," citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). Appellant's reliance on *Issa* is misplaced. *Issa* provides that a criminal defendant is entitled to a punishment hearing at which he must be given "the opportunity to present evidence," whether immediately following his conviction or after entry of guilt in a deferred-adjudication proceeding. *Id*. *Issa* does not hold that a defendant has the right to present any and all evidence at the required punishment hearing. *See id*.; *see also Ellison v. State*, 201 S.W.3d 714, 721 (Tex. Crim. App. 2006). The trial court here provided appellant with a punishment hearing and allowed him to present what it determined was relevant evidence regarding mitigation.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006). We will uphold the trial court's decision as long as it falls within the zone of reasonable disagreement. *Id.* We may not reverse the court's decision solely because we disagree with it. *Id.*

The question to be determined in a sentencing hearing is not whether the defendant is guilty of some offense—that question has already been answered in the affirmative. Instead, the purpose of a punishment hearing is to allow the fact-finder to determine what would be an appropriate punishment for the offense. *See id.* at 842; *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). One focus of the sentencing hearing is the defendant's personal responsibility and moral blameworthiness for the offense. *See Miller-El v. State*, 782 S.W.2d 892, 896-97 (Tex. Crim. App. 1990).

The code of criminal procedure provides that in the punishment hearing, "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2008). However, the code of criminal procedure does not define what evidence is relevant to sentencing. *Rogers*, 991 S.W.2d at 265; *Miller-El*, 782 S.W.2d at 896. Whether evidence is relevant is left to the trial court, which has broad discretion in making that determination. *See Rodriguez*, 203 S.W.3d at 842-43. The court of criminal appeals has held that, subject to the limits imposed by article 37.07, evidence of the circumstances of the offense or the defendant himself should be admissible. *Miller-El*, 782 S.W.2d at 896. In determining relevance in a sentencing context, the rules of evidence are helpful guides. *Rodriguez*, 203 S.W.3d at 842-43 (discussing rule 403's balancing of prejudicial effect against probative value); *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006)

(discussing rule 401's definition of "relevant" evidence and holding that in determining admissibility of punishment evidence, "a trial judge must operate within the bounds of" rules 401, 402, and 403). Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. Relevant evidence, however, may be excluded under rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice" or confusion. Tex. R. Evid. 403. And, in sentencing, because there are no "distinct 'fact[s] . . . of consequence'" to be decided, determining what evidence should be admitted "is not a question of logical relevance, but of policy." *Miller-El*, 782 S.W.3d at 896 (quoting Tex. R. Evid. 401).

Here, before making its determination on the issue, the trial court explained:

> [T]here are two factors that must be existent before the forfeiture event could be relevant to a showing of remorse. One is . . . an expression [of remorse] by the defendant. The case law, I think, is clear that there's no exception to [the] hearsay rule to recount it through another person.
>
> The second is it could only be relevant to the extent the forfeiture worked a partial, quote, punishment, unquote, on the defendant. I think the State's exactly right that to the extent that it impacted other people, although . . . I can see some potential relevance there, I can also see a prejudice outweighing the probative value.

After hearing argument, the court made its determination regarding the admission of the forfeiture evidence:

> The Defendant's going to have to testify about it and express remorse himself. And I think all he can talk about at most is that there is a forfeiture provision, and that he did have an interest in land forfeited as a result.
>
> I don't see how you can go any further than that. And I think that cures the prejudice in terms of evoking sympathy for the rest of the family. The rest of the family can't come into it.

5

. . .

> Now it's already in evidence that his problems have cost [the mother] money. He can say generically, that that is a basis of remorse, if that's his testimony. I'm going to let him talk about, in a very generic way . . . that he has lost an interest in the property. . . .

> We need to mask it. I don't want to get into the details [that] his mother or other family members paid for it, and he deeded it to them.

. . .

> If he were to testify about remorse based upon the forfeiture loss to him, I would allow that much.

Regarding appellant's mother's testimony about appellant's remorse, the trial court ruled explicitly that such testimony would be "hearsay and speculation" and refused to allow it.

The trial court did not abuse its discretion in refusing to allow evidence regarding the forfeiture proceeding and its impact on appellant's family. It would have showed only the effect of the entirely separate civil proceeding on other people, a matter that was irrelevant to the appropriate sentence to be assessed against appellant, and served only to invoke sympathy for appellant's family that might be transferred to appellant himself. The consequences of appellant's offense are not necessarily relevant to his sentencing—evidence of consequences may be relevant if they touch on his responsibility and blameworthiness for the offense. *See id.* at 896-97.

As far as showing appellant's remorse and that the forfeiture worked a partial punishment on appellant, the trial court stated that appellant would be allowed to testify on his own behalf regarding his remorse and to testify in general terms about the forfeiture proceeding and how

6

he came to lose his interest in the property. In deciding to exclude appellant's mother's testimony, the trial court considered case law holding that only a defendant, not a third party, may testify as to that defendant's remorse. *See, e.g.*, *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992) ("Testimony as to contrition or remorse can only come from the accused, and when offered by witnesses other than the accused himself, is inadmissible."); *Thomas v. State*, 638 S.W.2d 481, 483-84 (Tex. Crim. App. 1982) ("testimony of third persons that an accused has expressed contrition is not 'legally admissible' evidence in mitigation when offered by an accused"). This case law derives from the hearsay rule, *see Thomas*, 638 S.W.2d at 484 (citing *DeRusse v. State*, 579 S.W.2d 224, 233 (Tex. Crim. App. 1979); *Mendoza v. State*, 522 S.W.2d 898, 899 (Tex. Crim. App. 1975)), which generally excludes out of court statements offered to prove the truth of the matter asserted, *see* Tex. R. Evid. 801(d), 802. Here, the testimony offered by appellant's mother regarding his remorse and the circumstances of how he gave up his rights to the property following his mother's settlement of the State's forfeiture proceeding would be, as the trial court ruled, inadmissible hearsay.

Further, the trial court discussed at length and subsequently found that the evidence's likely prejudicial effect in the form of sympathy for appellant's family members due to the hardships and expenses they have suffered because of appellant outweighed its probative value. *See* Tex. R. Evid. 403. The forfeiture proceeding was a distinct proceeding from the criminal trial, and appellant ceded his rights to the family's ranch after his mother settled the forfeiture action. Those facts support the trial court's conclusion that the proceeding had little relevance in this criminal case and its decision that any slight relevance of the evidence would likely be outweighed by its prejudicial effect and the possible confusion it might cause in the jurors' minds. *See id.*

On this record, the trial court's refusal to allow appellant's mother's testimony relating to the forfeiture fell within the zone of reasonable disagreement. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). The trial court did not act without reference to guiding rules or principles or in an arbitrary or unreasonable manner. We overrule appellant's point of error.

## Conclusion

Because we overrule appellant's point of error, we affirm the judgments of conviction of the trial court.

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 28, 2008

Do Not Publish