TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00389-CR

NO. 03-07-00390-CR






Bert Edward Crabtree, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT

NOS. 5756 & 5757, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Bert Crabtree was charged with one count of possession of certain
chemicals with the intent to manufacture methamphetamine and one count of possession of
between four and two-hundred grams of methamphetamine. See Tex. Health & Safety Code Ann.
§§ 481.115(d), (f) (West 2003), .124 (West Supp. 2008). In a separate indictment, appellant
was charged with possession of more than four-hundred grams of methamphetamine. See id.
§ 481.115(f). Appellant pled guilty to all three charges without a plea agreement as to sentencing,
and chose to have a jury assess his punishment. The jury sentenced him to ten and fifteen years for
the two charges in the first indictment and fifty years on the second indictment. (1) We affirm the trial
court's judgments of conviction.


Factual and Procedural Background On May 18, 2005, law enforcement officers executed a search warrant at the 1,600-acre ranch ("Crabtree Ranch") at which appellant resided and in which appellant had a joint
ownership interest along with his mother and siblings, uncovering evidence implicating appellant
in the manufacture of methamphetamine. As a result, appellant pled guilty to two counts of
possession of methamphetamine and one count of possession of chemicals with intent to
manufacture, leaving the issue of punishment for a jury's determination.

 Before appellant's guilty pleas and in a separate civil proceeding, the State brought
a forfeiture action against the owners of Crabtree Ranch, including appellant, his mother, and his
siblings, alleging that the ranch was being used or intended to be used to commit a felony under
chapter 481 of the health and safety code. See Tex. Code Crim. Proc. Ann. arts. 59.01(2)(B)(i) (West
Supp. 2008) (defining contraband), .02(a) (West 2006) ("Property that is contraband is subject to
seizure and forfeiture under this chapter."). To prevent the forfeiture of the family's ranch,
appellant's mother paid an undisclosed amount to the State as part of a settlement agreement. 
Subsequently, appellant voluntarily deeded his interest in the Crabtree Ranch to his mother.

 During the punishment phase of his criminal trial, appellant sought to introduce
testimony from his mother referencing the State's original petition from the forfeiture action brought
against the Crabtrees. Appellant sought to use her testimony to show that he was remorseful for the
trouble he had caused and money he had cost his family. Appellant argued that the forfeiture was
relevant, and thus his mother's testimony regarding the forfeiture was relevant and should be
admitted to show his remorse. The State argued that any mention of the forfeiture would be
irrelevant and prejudicial. After hearing arguments from both sides and reviewing case law, the trial
court ruled that appellant, not his mother, would have to be the one to testify about his remorse, and
that if he testified regarding his remorse, he would be allowed at most to speak in general terms
about the forfeiture. The court barred appellant's mother's testimony regarding the forfeiture
proceeding altogether on the grounds that the likely prejudicial effect of that specific testimony,
sympathy toward the family, outweighed its probative value. See Tex. R. Evid. 403.


Analysis Appellant argues on appeal that the trial court erred in refusing to admit certain
evidence of the forfeiture proceeding through his mother's testimony. The trial court held that
evidence related to the forfeiture could only be admitted through appellant's testimony. Appellant
argues that the evidence, which would have shown that he lost his interest in the ranch and that his
family expended considerable sums in settling the forfeiture, was evidence "that he already suffered
some punishment" and was thus relevant to the jury's determination of what it should assess as
further punishment. He contends that by barring evidence of the forfeiture other than through
appellant's own testimony regarding his remorse, the trial court limited his constitutional right not
to testify and his right to present evidence on his behalf. (2)
 

 We review a trial court's ruling on the admissibility of evidence under an abuse of
discretion standard. Rodriguez v. State, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006). We will
uphold the trial court's decision as long as it falls within the zone of reasonable disagreement. Id. 
We may not reverse the court's decision solely because we disagree with it. Id. 

 The question to be determined in a sentencing hearing is not whether the defendant
is guilty of some offense--that question has already been answered in the affirmative. Instead, the
purpose of a punishment hearing is to allow the fact-finder to determine what would be an
appropriate punishment for the offense. See id. at 842; Rogers v. State, 991 S.W.2d 263, 265
(Tex. Crim. App. 1999). One focus of the sentencing hearing is the defendant's personal
responsibility and moral blameworthiness for the offense. See Miller-El v. State, 782 S.W.2d 892,
896-97 (Tex. Crim. App. 1990). 

 The code of criminal procedure provides that in the punishment hearing, "evidence
may be offered by the state and the defendant as to any matter the court deems relevant to
sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2008). However, the
code of criminal procedure does not define what evidence is relevant to sentencing. Rogers,
991 S.W.2d at 265; Miller-El, 782 S.W.2d at 896. Whether evidence is relevant is left to the trial
court, which has broad discretion in making that determination. See Rodriguez, 203 S.W.3d at 842-43. The court of criminal appeals has held that, subject to the limits imposed by article 37.07,
evidence of the circumstances of the offense or the defendant himself should be admissible. Miller-El, 782 S.W.2d at 896. In determining relevance in a sentencing context, the rules of evidence are
helpful guides. Rodriguez, 203 S.W.3d at 842-43 (discussing rule 403's balancing of prejudicial
effect against probative value); Ellison v. State, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006)
(discussing rule 401's definition of "relevant" evidence and holding that in determining admissibility
of punishment evidence, "a trial judge must operate within the bounds of" rules 401, 402, and 403). 
Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be without the
evidence." Tex. R. Evid. 401. Relevant evidence, however, may be excluded under rule 403 "if its
probative value is substantially outweighed by the danger of unfair prejudice" or confusion. Tex. R.
Evid. 403. And, in sentencing, because there are no "distinct 'fact[s] . . . of consequence'" to be
decided, determining what evidence should be admitted "is not a question of logical relevance, but
of policy." Miller-El, 782 S.W.3d at 896 (quoting Tex. R. Evid. 401). 

 Here, before making its determination on the issue, the trial court explained:


 [T]here are two factors that must be existent before the forfeiture event could
be relevant to a showing of remorse. One is . . . an expression [of remorse] by the
defendant. The case law, I think, is clear that there's no exception to [the] hearsay
rule to recount it through another person.


 The second is it could only be relevant to the extent the forfeiture worked a
partial, quote, punishment, unquote, on the defendant. I think the State's exactly
right that to the extent that it impacted other people, although . . . I can see some
potential relevance there, I can also see a prejudice outweighing the probative value.



After hearing argument, the court made its determination regarding the admission of the forfeiture
evidence:

 The Defendant's going to have to testify about it and express remorse himself. 
And I think all he can talk about at most is that there is a forfeiture provision, and
that he did have an interest in land forfeited as a result.


 I don't see how you can go any further than that. And I think that cures the
prejudice in terms of evoking sympathy for the rest of the family. The rest of the
family can't come into it. 


. . .


 Now it's already in evidence that his problems have cost [the mother] money. 
He can say generically, that that is a basis of remorse, if that's his testimony. I'm
going to let him talk about, in a very generic way . . . that he has lost an interest in the
property. . . .


 We need to mask it. I don't want to get into the details [that] his mother or
other family members paid for it, and he deeded it to them.


. . .


 If he were to testify about remorse based upon the forfeiture loss to him, I
would allow that much.



Regarding appellant's mother's testimony about appellant's remorse, the trial court ruled explicitly
that such testimony would be "hearsay and speculation" and refused to allow it.

 The trial court did not abuse its discretion in refusing to allow evidence regarding the
forfeiture proceeding and its impact on appellant's family. It would have showed only the effect of
the entirely separate civil proceeding on other people, a matter that was irrelevant to the appropriate
sentence to be assessed against appellant, and served only to invoke sympathy for appellant's family
that might be transferred to appellant himself. The consequences of appellant's offense are not
necessarily relevant to his sentencing--evidence of consequences may be relevant if they touch on
his responsibility and blameworthiness for the offense. See id. at 896-97.

 As far as showing appellant's remorse and that the forfeiture worked a partial
punishment on appellant, the trial court stated that appellant would be allowed to testify on his own
behalf regarding his remorse and to testify in general terms about the forfeiture proceeding and how
he came to lose his interest in the property. In deciding to exclude appellant's mother's testimony,
the trial court considered case law holding that only a defendant, not a third party, may testify as to
that defendant's remorse. See, e.g., Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992)
("Testimony as to contrition or remorse can only come from the accused, and when offered by
witnesses other than the accused himself, is inadmissible."); Thomas v. State, 638 S.W.2d 481, 483-84 (Tex. Crim. App. 1982) ("testimony of third persons that an accused has expressed contrition is
not 'legally admissible' evidence in mitigation when offered by an accused"). This case law derives
from the hearsay rule, see Thomas, 638 S.W.2d at 484 (citing DeRusse v. State, 579 S.W.2d 224, 233
(Tex. Crim. App. 1979); Mendoza v. State, 522 S.W.2d 898, 899 (Tex. Crim. App. 1975)), which
generally excludes out of court statements offered to prove the truth of the matter asserted, see
Tex. R. Evid. 801(d), 802. Here, the testimony offered by appellant's mother regarding his remorse
and the circumstances of how he gave up his rights to the property following his mother's settlement
of the State's forfeiture proceeding would be, as the trial court ruled, inadmissible hearsay.

 Further, the trial court discussed at length and subsequently found that the evidence's
likely prejudicial effect in the form of sympathy for appellant's family members due to the hardships
and expenses they have suffered because of appellant outweighed its probative value. See Tex. R.
Evid. 403. The forfeiture proceeding was a distinct proceeding from the criminal trial, and appellant
ceded his rights to the family's ranch after his mother settled the forfeiture action. Those facts 
support the trial court's conclusion that the proceeding had little relevance in this criminal case and
its decision that any slight relevance of the evidence would likely be outweighed by its prejudicial
effect and the possible confusion it might cause in the jurors' minds. See id. 

 On this record, the trial court's refusal to allow appellant's mother's testimony
relating to the forfeiture fell within the zone of reasonable disagreement. See Martin v. State,
173 S.W.3d 463, 467 (Tex. Crim. App. 2005). The trial court did not act without reference
to guiding rules or principles or in an arbitrary or unreasonable manner. We overrule appellant's
point of error.

Conclusion

 Because we overrule appellant's point of error, we affirm the judgments of
conviction of the trial court. 


 

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 28, 2008

Do Not Publish
1. The jury also assessed two $10,000 fines and one $100,000 fine. The trial court entered
a judgment in accordance with the jury's determinations, providing that the three jail terms would
run concurrently but would be stacked on punishment assessed in a cause from Gillespie County.
2. Appellant claims that he has an "absolute right to present mitigation evidence prior to
receiving punishment for the cause," citing Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim.
App. 1992). Appellant's reliance on Issa is misplaced. Issa provides that a criminal defendant is
entitled to a punishment hearing at which he must be given "the opportunity to present evidence,"
whether immediately following his conviction or after entry of guilt in a deferred-adjudication
proceeding. Id. Issa does not hold that a defendant has the right to present any and all evidence at
the required punishment hearing. See id.; see also Ellison v. State, 201 S.W.3d 714, 721 (Tex. Crim.
App. 2006). The trial court here provided appellant with a punishment hearing and allowed him to
present what it determined was relevant evidence regarding mitigation.